Filed 2/3/09 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2009 ND 9

City of Fargo, Plaintiff and Appellee

v.

John Herald Lunday III, Defendant and Appellant

No. 20080127

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable John Charles Irby, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Scott Orel Diamond (on brief), City Prosecutor’s Office, 222 4th Street North, P.O. Box 150, Fargo, ND 58107, for plaintiff and appellee.

Joe Allen Johnson (on brief), 1024 3rd Avenue South, Fargo, ND 58103, for defendant and appellant.

City of Fargo v. Lunday

No. 20080127

Crothers, Justice.

[¶1] John Lunday appeals from the district court’s criminal judgment entered after a jury found him guilty of driving under suspension.  Lunday contends insufficient evidence exists to support his conviction.  We affirm, concluding Lunday did not preserve the issue of sufficiency of the evidence and the district court did not commit obvious error.  

I

[¶2] Around midnight on October 2, 2007, Fargo Police Officer Witte observed a vehicle parked in the Stop-N-Go parking lot in south Fargo.  Officer Witte checked the vehicle’s registration which revealed the owner, Joseph Thomasson, had a suspended driver’s license.  Shortly thereafter, Officer Witte saw the vehicle leave the Stop-N-Go parking lot.  Officer Witte followed the vehicle and determined the individual driving the vehicle matched the general description of the registered owner.  Officer Witte pulled the vehicle over and asked the driver for his license, registration and insurance information.  The driver refused to provide Officer Witte with his license or to identify himself and argued the traffic stop was unconstitutional.  Officer Witte repeatedly asked the driver to identify himself and to provide his driver’s license.  After the driver continually refused, Officer Witte arrested the individual for obstructing a public officer. 

[¶3] The police identified the driver as Lunday after calling the owner of the vehicle and searching police records.  Upon identifying the driver as Lunday, Officer Witte ran Lunday’s information which revealed his license was suspended.  Officer Witte charged Lunday with driving under suspension and transported Lunday to the Cass County jail. 

[¶4] On January 8, 2008, Lunday made a motion to suppress evidence, arguing the traffic stop was unconstitutional.  The district court denied the motion, stating Officer Witte determined the driver matched the general physical description of the vehicle’s owner and, therefore, “[a] reasonable person in Officer Witte’s position would be justified in suspecting the driver’s license was suspended.”  A jury trial was held on the driving under suspension charge in April 2008.  At the end of the State’s case-in-

chief, Lunday did not move for an acquittal based upon insufficiency of the evidence, but instead presented his own evidence.  At the end of Lunday’s presentation, he did not move for an acquittal.  The jury returned a verdict of guilty, and Lunday was sentenced to thirty days in jail with credit for time already served. 

II

[¶5] Under N.D.R.Crim.P. 29(a), “[a] defendant in a criminal jury trial must still make a motion for a judgment of acquittal to preserve the issue of sufficiency of the evidence for appeal.”  
State v. Himmerick
, 499 N.W.2d 568, 573 (N.D. 1993).  Lunday failed to preserve the issue of the sufficiency of the evidence for appeal because he did not move the trial court for a judgment of acquittal.  The exception to the requirement of a motion for judgment of acquittal is if the trial court committed obvious error.  
State v. Yineman
, 2002 ND 145, ¶ 21, 651 N.W.2d 648.  We have stated:

“To establish obvious error under N.D.R.Crim.P. 52(b), the defendant has the burden to show (1) error, (2) that is plain, and (3) that affects substantial rights.  We exercise our power to notice obvious error cautiously, and only in exceptional circumstances where the accused has suffered serious injustice.  In determining whether there has been obvious error, we examine the entire record and the probable effect of the alleged error in light of all of the evidence.” 

Id.
 at ¶ 22 (quoting 
State v. Johnson
, 2001 ND 184, ¶ 12, 636 N.W.2d 391).  

[¶6] We have reviewed the record, we find no obvious or plain error. 

III

[¶7] The district court’s criminal judgment is affirmed because Lunday did not preserve the issue of the sufficiency of the evidence for appeal and the district court did not commit obvious error.

[¶8] Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.