2012 ND 135

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Branden Thurman CLARK, Defendant and Appellant.**

**No. 20110359.**

Supreme Court of North Dakota.

July 12, 2012.

Rehearing denied August 16, 2012.

Faye A. Jasmer, Assistant State's Attorney, Grand Forks, N.D., for plaintiff and appellee.

Blake D. Hankey, Grand Forks, N.D., for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Branden Clark appeals from a criminal judgment entered after a jury found him guilty of theft of property. Clark argues the district court erred in refusing to give his requested jury instruction, insufficient evidence existed to support his conviction, his sentence is erroneous and excessive, and the court erred in admitting evidence the State failed to disclose before trial. We affirm.

## I

[¶ 2] On July 10, 2007, Clark purchased various tools from Acme Electric Tool Crib of the North in Grand Forks. When a customer purchases an item from Acme, the sales associate asks the customer his or her name, the associate looks the customer's name up in the store's point-of-sale computer system, and, if the customer's name is in the system, an invoice is generated using the information in the system. Each invoice includes a signature box directly above the customer name and address. Evidence established Clark gave the sales associate, Ben Litzinger, the name of "Clark Construction" when he purchased the tools, and Litzinger entered the name in the computer system, finding an account for Clark Construction with an address in Oriska, North Dakota. Clark paid for the item with a check. The check had Clark's name on it and an address in Gilby, North Dakota. Litzinger printed out an invoice using the information in the system for Clark Construction in Oriska and Clark signed the invoice as "Clark Const."

[¶ 3] After the first sale was complete, Clark told Litzinger he was interested in purchasing a generator. Litzinger entered the second purchase in the computer system using the name "Clark Construction." Clark did not pay for the generator, and the sale was charged to the Clark Construction account. Clark did not take the generator with him, but returned to Acme and picked up the item on July 18, 2007.

[¶ 4] In August 2007, Acme sent a bill for the generator to the address for Clark Construction in Oriska. A representative from Clark Construction contacted Acme about the bill. The representative informed Acme the purchase was not authorized by anyone who worked for the company and no one named "Branden Clark" worked for the company. Acme investi-gated the sale and contacted the Grand Forks Police Department to report the incident. The police attempted to contact Clark at the residence listed on the check Clark used to pay for the first items purchased from Acme, but their attempts were unsuccessful.

[¶ 5] Clark was subsequently charged with theft. In 2009, Clark was convicted of theft of property after entering a guilty plea and he was sentenced to four years incarceration. This Court affirmed his conviction in *State v. Clark*, 2010 ND 106, 783 N.W.2d 274. Clark filed a federal habeas corpus petition. The federal court granted Clark's petition and vacated his conviction. *Clark v. Bertsch*, No. 3:10–cv–110, 2011 U.S. Dist. LEXIS 102718 (D.N.D. Sept. 12, 2011).

[¶ 6] The State retried Clark and a jury trial was held. Clark requested a jury instruction stating a defendant's honest belief that he had a claim to the property is a defense to theft offenses. The court denied the proposed instruction, ruling no evidence supported the instruction. The jury found Clark guilty. The State requested a habitual offender sentence enhancement, and Clark was sentenced to eight years incarceration.

## II

[¶ 7] Clark argues the court erred in refusing to give his proposed honest-belief-defense jury instruction because sufficient evidence existed to support the instruction.

[¶ 8] Jury instructions must fairly and adequately advise the jury of the law, and the court may refuse to give a requested instruction if it is irrelevant or does not apply. *State v. Starke*, 2011 ND 147, ¶ 12, 800 N.W.2d 705. On appeal, jury instructions are reviewed as a whole to determine whether they fairly and adequately advised the jury of the applicable

law. *State v. Lehman*, 2010 ND 134, ¶ 12, 785 N.W.2d 204.

"A defendant is entitled to a jury instruction on a defense if there is evidence that creates a reasonable doubt about an element of the charged offense. We view the evidence in the light most favorable to the defendant to determine whether there is sufficient evidence to support a jury instruction. A trial court errs if it refuses to instruct the jury on an issue that has been adequately raised. A court, however, may refuse to give an instruction that is irrelevant or inapplicable."

*Id.* (quoting *State v. Ness*, 2009 ND 182, ¶ 13, 774 N.W.2d 254).

[¶ 9] Clark's proposed jury instruction stated, "There can be no conviction of Theft of Property, if the Defendant honestly believed he had a claim to the property involved, no matter how groundless you may find that belief." Section 12.1–23–09(1)(a), N.D.C.C., provides defenses to prosecutions for theft and states it is a defense if "[t]he actor honestly believed that he had a claim to the property or services involved which he was entitled to assert in the manner which forms the basis for the charge against him. . . ." The court refused to give Clark's proposed instruction, stating, "Without Mr. Clark taking the stand and elaborating on what he felt was transpiring, I can't give that instruction. There is no evidence of that."

[¶ 10] After reviewing the entire record and the evidence in a light most favorable to Clark, we conclude no evidence existed to support the requested instruction. Clark was not required to testify about whether he honestly believed he was entitled to the property, but some evidence must be presented to support the instruction. *See Ness*, 2009 ND 182, ¶ 18, 774 N.W.2d 254. A defendant's state of mind can be inferred from circumstantial evidence. *See State v. Fraser*, 2000 ND 53, ¶ 5, 608 N.W.2d 244. Clark contends testimony from his half-brother, Bruce Wills, and Grand Forks County Sheriff's Deputy Don Purpur supported the instruction. Clark contends Wills' testimony shows Clark attempted to make arrangements with Acme to pay for the generator. However, Wills testified Clark called Acme about the generator in 2007, but he did not hear the conversation. Wills also testified Clark contacted him from the Jamestown Correctional Center in 2008 or 2009 after Clark had been charged with the offense and asked Wills to talk to someone at Acme about paying for the generator. Wills' testimony does not support Clark's requested instruction. Clark also claims Purpur's testimony about statements Clark made about purchasing the generator from Acme supported the instruction, but Purpur's testimony was not presented to the jury. We conclude no evidence supports the proposed jury instruction and the court did not err in refusing to give Clark's requested instruction.

[¶ 11] Clark also claims the court erred in instructing the jury on the elements of theft of property by mistake. "[A] party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds of the objection." N.D.R.Crim.P. 30(c)(1); *see also State v. Jacob*, 2006 ND 246, ¶ 14, 724 N.W.2d 118.

"When the defendant fails to properly object to a proposed instruction, or fails to specifically request an instruction or object to omission of an instruction, the issue is not adequately preserved for appellate review and our inquiry is limited under N.D.R.Crim.P. 52(b) to whether the jury instructions constitute obvious error affecting substantial rights. ". . . In determining whether there has been obvious error, we examine the en-

tire record and the probable effect of the alleged error in light of all the evidence, and the burden is upon the defendant to show the alleged error was prejudicial. An alleged error does not constitute obvious error unless there is a clear deviation from an applicable legal rule under current law."

*Jacob,* at ¶ 14 (quoting *State v. Weaver,* 2002 ND 4, ¶¶ 16, 17, 638 N.W.2d 30).

■ [¶ 12] Clark did not object to the court's decision to give the State's requested instruction, and it does not constitute obvious error. Section 12.1–23–04(2), N.D.C.C., provides that a person is guilty of theft of property delivered by mistake if he:

> "Retains or disposes of property of another when he knows it has been delivered under a mistake as to the identity of the recipient or as to the nature or amount of the property, and with intent to deprive the owner of it, he fails to take readily available and reasonable measures to restore the property to a person entitled to have it."

The court gave the requested instruction because Clark alluded to a "mistake" Acme made in billing for the generator throughout the trial. Clark failed to establish the court's decision to give the instruction constitutes obvious error. We conclude the jury instructions fairly and adequately advised the jury of the law.

### III

■ [¶ 13] Clark argues insufficient evidence existed to support his conviction. Clark claims no evidence establishes he knowingly took unauthorized control of the generator or that he intended to deprive Acme of the generator by not paying for it.

[¶ 14] Our standard of review for challenges to the sufficiency of the evidence is well-established:

"[T]his Court merely reviews the record to determine if there is competent evidence allowing the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction. The defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict. When considering insufficiency of the evidence, we will not reweigh conflicting evidence or judge the credibility of witnesses."

*State v. Nakvinda,* 2011 ND 217, ¶ 12, 807 N.W.2d 204 (quoting *State v. Kinsella,* 2011 ND 88, ¶ 7, 796 N.W.2d 678).

■ [¶ 15] A person is guilty of theft of property, if the person "[k]nowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another with intent to deprive the owner thereof...." N.D.C.C. § 12.1–23–02(1). A person engages in conduct "knowingly" if, "when he engages in the conduct, he knows or has a firm belief, unaccompanied by substantial doubt, that he is doing so, whether or not it is his purpose to do so." N.D.C.C. § 12.1–02–02(1)(b). "A person's knowledge depends on all the surrounding facts and circumstances and ... may be established by circumstantial evidence." *State v. Bertram,* 2006 ND 10, ¶ 7, 708 N.W.2d 913.

[¶ 16] Clark purchased items from Acme, and Litzinger testified Clark gave the name "Clark Construction" to purchase the items. The evidence established the sales associate uses the customer's name to look up the customer's account in the computer system and the sales associate asks the customer which account is correct if there is more than one account for a name. The evidence shows the customer is required to sign an invoice when an item is purchased, the invoice includes the customer's name and address from the

account information in the computer system and the signature box is directly above the customer information. The evidence established that only one account for Clark Construction existed, that Clark did not have an account with Acme, that Clark did not request to open a new account, that the account information on the invoice stated "CLARK CONSTRUCTI [sic] OR-ISKA ... ORISKA ND 58063–4000," and that Clark signed the invoice "Clark Const." After Clark purchased the first items, he ordered a generator and charged the item to the Clark Construction account. Litzinger testified Clark would have directed him to pull up the Clark Construction account when he returned to Acme to pick up the generator. No evidence showed Clark attempted to pay for the generator or clear up any billing mistake. An Acme manager testified he tried to contact Clark using the phone number on the check from the first purchase but he was not successful. Two law enforcement officers testified they each attempted to contact Clark but were not successful and one of the officers testified he went to Clark's residence but it appeared no one lived there for some time. Considering the evidence and all reasonable evidentiary inferences in the light most favorable to the verdict, we conclude sufficient evidence existed to support Clark's conviction.

## IV

[¶ 17] Clark argues his sentence of eight years incarceration is excessive and improper because he originally received a four-year sentence before his conviction was reversed.

[¶ 18] A district court has discretion in sentencing, and review of a sentence is generally limited "to whether the court acted within the statutorily prescribed sentencing limits or substantially relied on an impermissible factor." *State*

*v. Gonzalez*, 2011 ND 143, ¶ 6, 799 N.W.2d 402. This Court reviews habitual offender proceedings and the application of a sentence enhancement under N.D.C.C. § 12.1–32–09 for an abuse of discretion. *State v. Cain*, 2011 ND 213, ¶ 16, 806 N.W.2d 597.

[¶ 19] Clark cites *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 2089, 23 L.Ed.2d 656 (1969), in support of his argument and claims the unexplained increase in his sentence may have been motivated by vindictiveness. In *Pearce*, the Supreme Court held a defendant's due process rights are violated and a presumption of vindictiveness applies if a defendant receives a more severe sentence when he is retried for an offense after a prior conviction for the same offense was overturned on appeal, unless the court explains its reasons for the harsher sentence and the reasons are based on objective information. *Id.* at 725–26. However, the Supreme Court partially overruled *Pearce* in *Alabama v. Smith*, 490 U.S. 794, 802–03, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), and held there is no presumption of vindictiveness when the second sentence imposed after a trial is more severe than the first sentence imposed after a guilty plea. The court held the increase in the sentence in those cases is not likely to be attributable to the vindictiveness of the sentencing judge because many other reasons could justify an increase in the length of a sentence after a trial is held, including that the court generally has a greater amount of information relevant to sentencing after a trial, that the court may have a fuller appreciation of the nature and extent of the crimes and that the leniency given in consideration of the guilty plea is no longer present. *Id.* at 801–02, 109 S.Ct. 2201.

[¶ 20] In this case, Clark's first conviction was based on a guilty plea and his second conviction followed a trial;

therefore, no presumption of vindictiveness exists. Under N.D.C.C. § 12.1–32–09(2)(c), Clark could have received a sentence of up to ten years incarceration. His sentence was within statutory limits, and the court did not abuse its discretion.

V

[¶ 21] Clark argues the court erred in admitting original, unmarked copies of Acme's sales invoices because the State did not provide him with the same copies of the invoices before trial.

[¶ 22] In *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the Supreme Court held the prosecution's suppression of evidence favorable to the accused violates due process if the evidence is material to guilt or punishment. To establish a *Brady* violation, the defendant must prove:

> "(1) the government possessed evidence favorable to the defendant; (2) the defendant did not possess the evidence and could not have obtained it with reasonable diligence; (3) the prosecution suppressed the evidence; and (4) a reasonable probability exists that the outcome of the proceedings would have been different if the evidence had been disclosed."

*State v. Muhle*, 2007 ND 132, ¶ 25, 737 N.W.2d 647 (quoting *Rummer v. State*, 2006 ND 216, ¶ 21, 722 N.W.2d 528).

[¶ 23] The State provided Clark with copies of the invoices prior to trial. The copies Clark received contained handwritten marks that were not on the copies the State presented at trial, including an "X" over the customer's name and address. Clark claims the crossed-out customer's name is relevant to the factual question of whether he knew, or had reason to know, at the time of the transaction that the wrong Clark Construction account was charged. He claims the absence of the "X" through the customer name on the State's copies of the invoices could have been viewed by the jury as evidence that he knew at the time he signed the invoice that a mistake had been made and that Clark Construction of Oriska was being charged for the sale.

[¶ 24] The invoices were disclosed to Clark. Although Clark's copies contained the handwritten marks on the invoices, the failure to disclose a copy of the invoices without those marks prior to trial did not prejudice Clark. Both copies of the invoices were admitted into evidence at trial and Clark was given an opportunity to question the witnesses about the invoices. We conclude Clark failed to establish a *Brady* violation and the district court did not err in admitting the evidence.

VI

[¶ 25] Clark also filed a separate supplemental brief under N.D.R.App.P. 24, raising a number of other issues. Clark argues that the district court's initial violation of his due process rights resulting in the reversal of his first conviction caused severe prejudice and irreversible error by subjecting evidence to the risk of imprecision and distortion from the passage of time, that the district court judge should have disqualified himself due to bias, that he was denied his Eighth Amendment right to bail and the court failed to comply with N.D.R.Crim.P. 46, that the State engaged in prosecutorial vindictiveness and that he was denied his constitutional right of access to the courts while he was awaiting retrial at the Grand Forks County Correctional Center.

[¶ 26] These issues were not raised before the district court. This Court will not address issues that are raised for the first time on appeal. *See, e.g., State v. Blurton*, 2009 ND 144, ¶ 8,

770 N.W.2d 231. However, "[a]n obvious error or defect that affects substantial rights may be considered even though it was not brought to the court's attention." N.D.R.Crim.P. 52(b). " 'We exercise the power to notice obvious error cautiously and only in exceptional circumstances where the defendant has suffered serious injustice.' " *State v. Vondal*, 2011 ND 186, ¶ 5, 803 N.W.2d 578 (quoting *State v. Keller*, 550 N.W.2d 411, 412 (N.D.1996)). To establish obvious error, the defendant must show plain error existed affecting his substantial rights. *Blurton*, at ¶ 8. "The error must be a clear deviation from an applicable legal rule under current law to constitute an obvious error." *Id.* Here, none of the issues rise to the level of obvious error.

### VII

[¶ 27]   We affirm the judgment.

[¶ 28]   GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concurs.