2017 ND 102

**STATE of North Dakota, Plaintiff and Appellee**

v.

**J. Erin ROURKE, Defendant and Appellant**

No. 20160302

Supreme Court of North Dakota.

Filed 4/25/2017

Ryan J. Younggren, Assistant State's Attorney, P.O. Box 2806, Fargo, ND 58108–2806, for plaintiff and appellee; submitted on brief.

Russell J. Myhre, P.O. Box 475, Valley City, ND 58072, for defendant and appellant; submitted on brief.

McEvers, Justice.

[¶ 1] J. Erin Rourke appeals a district court's judgment after a jury convicted him of gross sexual imposition. Because Rourke failed to preserve his argument on sufficiency of the evidence for appeal by failing to move for a judgment of acquittal at trial under N.D.R.Crim.P. 29, we affirm.

I

[¶ 2] On September 22, 2015, the State charged Rourke with gross sexual imposition and corruption of a minor. The victim, A.K.B., alleged Rourke engaged in sexual contact with her before she was fifteen-years-old. A.K.B. also alleged Rourke engaged in a sexual act with her when she was fifteen-years-old and Rourke was more than twenty-two-years-old. A.K.B. testified she and her mother lived next door to Rourke. Rourke helped A.K.B.'s mother care for A.K.B. for several years before A.K.B. made these allegations. Rourke would watch A.K.B., he bought her clothes and gifts, and he kept a room for her to stay in his home. Eventually, Rourke and A.K.B. signed a "contract" stating A.K.B. had to sleep at Rourke's house three nights per week.

[¶ 3] At trial, A.K.B. testified Rourke started touching her vagina underneath her underwear in her sleep. A.K.B. testified she would wake up scared. When she would turn on her side and face the wall, Rourke would stop. A.K.B. testified this conduct eventually led to an incident where Rourke licked her vagina. A.K.B. told some friends about these incidents and one of their mothers. A.K.B. eventually told her mother, and reported it to her school counselor, Laurie Schlenker. Schlenker testified A.K.B. told her Rourke had been molesting her.

[¶ 4] At trial, Rourke testified on his own behalf. Rourke admitted he had a room for A.K.B. to stay at his home, and he acknowledged the existence of a contract establishing the nights A.K.B. was required to stay with him. However, Rourke testified he never touched A.K.B.'s vagina. The jury found Rourke guilty of gross sexual imposition and not guilty of corruption of a minor. Rourke appeals.

II

[¶ 5] Rourke argues there is insufficient evidence to sustain the jury's verdict against him. Rourke argues the jury convicted him based entirely on circumstantial evidence, and it is impossible to determine when the sexual contact may have occurred because A.K.B.'s timeline was "inconclusive."

[¶ 6] The standard of review is well established when a defendant challenges the sufficiency of the evidence to support a jury verdict:

In reviewing the sufficiency of the evidence to convict, we look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to see if there is substantial evidence to warrant a conviction. A conviction rests upon insufficient evidence only when no rational fact finder could have found the defendant guilty beyond a reasonable doubt after viewing the evidence in a light most favorable to the prosecution and giving the prosecution the benefit of

all inferences reasonably to be drawn in its favor.

State v. Knowels, 2003 ND 180, ¶ 6, 671 N.W.2d 816 (quotation marks omitted) (citations omitted). "A conviction may be justified on circumstantial evidence alone if the circumstantial evidence has such probative force as to enable the trier of fact to find the defendant guilty beyond a reasonable doubt." State v. Noorlun, 2005 ND 189, ¶ 20, 705 N.W.2d 819 (citing State v. Steinbach, 1998 ND 18, ¶ 16, 575 N.W.2d 193). "A verdict based on circumstantial evidence carries the same presumption of correctness as other verdicts." Noorlun, 2005 ND 189, ¶ 20, 705 N.W.2d 819 (citing Steinbach, 1998 ND 18, ¶ 16, 575 N.W.2d 193). "[A] jury may find a defendant guilty even though evidence exists which, if believed, could lead to a not guilty verdict." Noorlun, at ¶ 20 (citing State v. Wilson, 2004 ND 51, ¶ 9, 676 N.W.2d 98).

[¶ 7] Regarding the preservation of a sufficiency of the evidence challenge for appeal, this Court has held the defendant must move for acquittal under N.D.R.Crim.P. 29 to preserve the issue of sufficiency of the evidence for review in a jury trial. City of Grand Forks v. Dohman, 552 N.W.2d 66, 67 (N.D. 1996); State v. Yineman, 2002 ND 145, ¶ 14, 651 N.W.2d 648. This Court has also held "[t]he exception to the requirement of a motion for judgment of acquittal is if the trial court committed obvious error." City of Fargo v. Lunday, 2009 ND 9, ¶ 5, 760 N.W.2d 136 (citing Yineman, 2002 ND 145, ¶ 21, 651 N.W.2d 648). Under this Court's analysis for obvious error, the defendant has the burden to show a plain error that affects his substantial rights. N.D.R.Crim.P. 52(b); Lunday, at ¶ 5.

To establish obvious error under N.D.R.Crim.P. 52(b), the defendant has the burden to show (1) error, (2) that is plain, and (3) that affects substantial rights. We exercise our power to notice obvious error cautiously, and only in exceptional circumstances where the accused has suffered serious injustice. In determining whether there has been obvious error, we examine the entire record and the probable effect of the alleged error in light of all of the evidence. Lunday, 2009 ND 9, ¶ 5, 760 N.W.2d 136 (citing Yineman, at ¶ 22).

[¶ 8] On appeal, the State invites this Court to conclude there was no obvious error at trial. However, Rourke failed to argue obvious error on appeal. "We exercise our power to notice obvious error cautiously, and only in exceptional circumstances." Lunday, 2009 ND 9, ¶ 5, 760 N.W.2d 136 (citing Yineman, at ¶ 22). We are not ferrets, and we will not search through the record to find a party's argument for them. See Jury v. Barnes County Municipal Airport Authority, 2016 ND 106, ¶ 12, 881 N.W.2d 10 (citing State v. Noack, 2007 ND 82, ¶ 8, 732 N.W.2d 389). We need not exercise our discretion to notice obvious error in an appeal when the defendant does not raise the issue of obvious error, because it is the defendant's burden to show an obvious error that effects a substantial right.

### III

[¶ 9] Because Rourke failed to preserve his sufficiency of the evidence argument for appeal by failing to move for a judgment of acquittal at trial under N.D.R.Crim.P. 29, we affirm.

[¶ 10] Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.