# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2020 ND 30

State of North Dakota,                                        Plaintiff and Appellee

      v.

Ross Thomas,                                              Defendant and Appellant

No. 20190174

Appeal from the District Court of Hettinger County, Southwest Judicial District, the Honorable Dann Edward Greenwood, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Pat J. Merriman, Mott, N.D., for plaintiff and appellee.

Caitlyn A. Pierson, Minot, N.D., for defendant and appellant.

**Tufte, Justice.**

[¶1]   Ross Thomas appeals from a criminal judgment entered after a jury found him guilty of felonious restraint. We affirm.

I

[¶2]   In February 2017, the State charged Thomas with aggravated assault, felonious restraint, terrorizing, and reckless endangerment. The case proceeded to trial in March 2018. A jury convicted Thomas of terrorizing, and acquitted him of aggravated assault and reckless endangerment. It did not reach a verdict on the felonious restraint charge.

[¶3]   Soon thereafter, the State gave notice of its intent to retry Thomas for felonious restraint. Thomas's retrial was scheduled for January 2, 2019. In November 2018, a new state's attorney was elected in Hettinger County. In early December 2018, the incoming state's attorney sent a letter to the district court and Thomas's trial attorney advising he would seek a continuance of Thomas's trial upon taking office on January 1, 2019. The letter also advised that the new state's attorney would file notice of his intention to sentence Thomas as a dangerous special offender.

[¶4]   In mid-December 2018, the district court continued Thomas's trial on its own motion, citing the impending change of state's attorneys. On the date originally set for trial, the State filed a dangerous special offender notice.

[¶5]   Prior to trial, the State moved in limine to exclude evidence of some of the victim's criminal convictions. The district court granted the State's motion and excluded all of the victim's misdemeanor convictions and all felony convictions dated after the alleged incident. At trial, Thomas did not attempt to introduce the excluded convictions.

[¶6]   Thomas's second trial was continued and ultimately was held in April 2019. The jury found him guilty of felonious restraint. He was sentenced as a

dangerous special offender to ten years' imprisonment with five and one-half years suspended.

## II

[¶7]   Thomas argues the district court abused its discretion in granting the State's request for a continuance because the State did not move for a continuance and there was no good cause for a continuance.

[¶8]   A district court's decision whether to grant a continuance will not be set aside on appeal absent an abuse of discretion. *State v. Newark*, 2017 ND 209, ¶ 6, 900 N.W.2d 807 (citing *State v. Kunkel*, 452 N.W.2d 337, 339 (N.D. 1990)). In reviewing a court's decision to grant a continuance, we look at the particular facts and circumstances of each case as there is no mechanical test for determining whether the court abused its discretion. *Id.* A district court abuses its discretion when it acts in an arbitrary, unreasonable, unconscionable, or capricious manner, or if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law. *Id.* (citing *State v. Muhle*, 2007 ND 131, ¶ 22, 737 N.W.2d 636).

[¶9]   Thomas argues the district court abused its discretion in granting a continuance on its own motion, because N.D.R.Ct. 6.1(b) requires a party to file a motion for a court to grant a continuance. Rule 6.1(b), N.D.R.Ct., provides, "[m]otions for continuance shall be promptly filed as soon as the grounds therefor are known and will be granted only for good cause shown, either by affidavit or otherwise."

[¶10] Our case law generally recognizes a district court's inherent authority to control its docket. *See Gullickson v. Kline*, 2004 ND 76, ¶ 15, 678 N.W.2d 138 ("We are mindful of the necessity of the trial court having complete control over the proceedings before it.") (quoting *Ward v. Shipp*, 340 N.W.2d 14, 18 (N.D. 1983)). Rule 6.1 does not restrict a district court's authority to continue a trial on its own motion.

2

[¶11] Thomas further argues the district court abused its discretion in granting a continuance because good cause was not shown. However, in its order for continuance, the district court found there was good cause in that the new state's attorney was set to take office the day before trial and needed more time to prepare. There was no demand for a speedy trial or motion to dismiss on speedy trial grounds. The district court's decision to continue the trial was the product of a rational mental process leading to a reasoned determination. We conclude the district court did not abuse its discretion.

III

[¶12] Thomas argues the district court abused its discretion in granting the State's motion to exclude evidence of the victim's criminal convictions. Thomas argues the court erred because evidence of the victim's criminal drug convictions should have been admissible for impeachment under N.D.R.Ev. 609(a)(2) to show the victim's substance abuse affected his memory. However, Thomas failed to appropriately raise this issue at trial.

> We have long held that an effective appeal of any issue must be appropriately raised in the trial court in order for us to intelligently rule on it. Under N.D.R.Ev. 103(a)(1), error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . . a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context. A motion in limine seeking an evidentiary ruling must be decided without the benefit of evaluating the evidence in the context of trial. A renewed objection at the time the evidence is offered focuses the court on the objection in the trial context at which time both the relevance and the potential for prejudice will be more discernable. A failure to object at trial acts as a waiver of the claim of error.

*State v. Smith*, 2019 ND 239, ¶ 13, 934 N.W.2d 1 (quoting *State v. Brewer*, 2017 ND 95, ¶ 4, 893 N.W.2d 184).

[¶13] At trial, Thomas did not attempt to offer the excluded convictions when cross-examining the victim. By failing to offer evidence of the victim's

3

convictions at trial, Thomas did not give the district court an opportunity to rule on them in the context of the trial. Thomas forfeited the issue, and the issue can be reviewed only for obvious error. N.D.R.Crim.P. 52(b); *State v. Morales*, 2019 ND 206, ¶ 24, 932 N.W.2d 106. To establish obvious error, the defendant has the burden to show that: (1) it was error, (2) it was plain, and (3) it affected his substantial rights. *Id.*

[¶14] Thomas did not argue on appeal that the alleged error constituted an obvious error. We require a showing that an alleged error has affected substantial rights before we consider exercise of our discretion to notice obvious error. *State v. Olander*, 1998 ND 50, ¶ 16, 575 N.W.2d 658. The burden to show an obvious error affects a substantial right is on the appellant. *See, e.g., Smith*, 2019 ND 239, ¶ 15, 934 N.W.2d 1; *State v. Dockter*, 2019 ND 203, ¶ 9, 932 N.W.2d 98; *State v. Rourke*, 2017 ND 102, ¶ 8, 893 N.W.2d 176. When an appellant does not argue that a forfeited error is reversible under the obvious error standard, it is difficult for an appellate court to conclude this burden has been satisfied. *See State v. Whitman*, 2013 ND 183, ¶ 10, 838 N.W.2d 401 ("In exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings.") (quoting *United States v. Atkinson*, 297 U.S. 157, 160, 56 S. Ct. 391 (1936)).

[¶15] Because Thomas did not raise the issue to the district court at trial and failed to argue on appeal that exclusion of the victim's convictions was obvious error, we decline to address his argument.

IV

[¶16] Thomas argues the district court abused its sentencing discretion following the retrial for felonious restraint by imposing a sentence more severe than his sentence for terrorizing after the first trial. Although Thomas did not raise this argument below by objecting at sentencing or through a motion under N.D.R.Crim.P. 35(a), we address the claim because an objection is unnecessary to preserve a claim of illegal sentence imposed in a criminal

4

judgment from which an appeal may be immediately taken. *See State v. Maurstad*, 733 N.W.2d 141, 146-47 (Minn. 2007) (rejecting State's argument that failure to object at sentencing waives illegal sentence argument and allows only plain error review); *People v. Valtakis*, 105 Cal. App. 4th 1066, 1072 (Cal. Ct. App. 2003) (distinguishing between claims of error regarding a sentence "imposed in a procedurally or factually flawed manner," which can be waived, from an unauthorized sentence that "could not lawfully be imposed under any circumstance in the particular case"); *cf. State v. Kopp*, 419 N.W.2d 169, 172-73 n.2 (N.D. 1988) ("An assertion that the verdict is contrary to the greater weight of the evidence cannot, of course, be raised during the course of the trial. Although such an issue can be raised on appeal from the judgment without making a motion for a new trial, where, as here, a motion for a new trial was made, the issue must be raised in that motion or it will not be considered on appeal.").

[¶17] District courts have broad discretion in sentencing, and our review of a sentence is generally limited "to whether the court acted within the statutorily prescribed sentencing limits or substantially relied on an impermissible factor." *State v. Clark*, 2012 ND 135, ¶ 18, 818 N.W.2d 739 (quoting *State v. Gonzalez*, 2011 ND 143, ¶ 6, 799 N.W.2d 402).

[¶18] Thomas cites *North Carolina v. Pearce*, 395 U.S. 711, 89 S. Ct. 2072 (1969), in support of his argument that a harsher sentence at the second trial was improper. In *Pearce*, the Supreme Court held defendant's due process rights are violated and a presumption of vindictiveness applies if a defendant is sentenced more severely when he is retried for an offense after a prior conviction for the same offense was overturned on appeal, unless the court explains its reasons for the harsher sentence and the reasons are based on objective information. *Id.* at 725–26.

[¶19] However, the facts of this case differ significantly from *Pearce*. In *Pearce*, the defendant was tried twice for the same offense after the first conviction was reversed on appeal. *Id.* at 713. Here, Thomas was convicted of terrorizing at the first trial and sentenced to five years with two and one-half years suspended. At the first trial, the jury failed to reach a verdict on felonious

restraint, and that charge was retried. He was convicted of felonious restraint at a second trial, and sentenced to ten years with five and one-half years suspended.

[¶20] The presumption of vindictiveness announced in *Pearce* does not apply, because Thomas was convicted and sentenced for felonious restraint only once. Our review is limited to whether the court acted within legally authorized limits or substantially relied on an impermissible factor. *Clark*, 2012 ND 135, ¶ 18, 818 N.W.2d 739. Thomas's sentence was within the sentencing limits, and there is no evidence the district court substantially relied on an impermissible factor. We conclude the district court did not abuse its discretion.

[¶21] We affirm the criminal judgment.

[¶22]  Jerod E. Tufte
       Gerald W. VandeWalle
       Daniel J. Crothers
       Lisa Fair McEvers
       Jon J. Jensen, C.J.