# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 109

State of North Dakota,                                    Plaintiff and Appellee

      v.

Brandon Jerome Schweitzer,                          Defendant and Appellant

## No. 20200348

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Troy J. LeFevre, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Frederick R. Fremgen, State's Attorney, Jamestown, ND, for plaintiff and appellee; submitted on brief.

Kent M. Morrow, Bismarck, ND, for defendant and appellant; submitted on brief.

**VandeWalle, Justice.**

[¶1]   Brandon Schweitzer appealed from a jury verdict and a criminal judgment convicting him of aggravated assault. We affirm.

[¶2]   In July 2019, Schweitzer used his cane to hit the victim's arm and fractured it. Schweitzer argues the State misplacing his cane in evidence violated the *Brady* rule and his due process rights. Constitutional due process issues are questions of law fully reviewable on appeal. *State v. Schmidt*, 2012 ND 120, ¶ 8, 817 N.W.2d 332.

I

[¶3]   A *Brady* violation occurs when: "(1) the government possessed evidence favorable to the defendant; (2) the defendant did not possess the evidence and could not have obtained it with reasonable diligence; (3) the prosecution suppressed the evidence; and (4) a reasonable probability exists that the outcome of the proceedings would have been different if the evidence had been disclosed." *State v. Kolstad*, 2020 ND 97, ¶ 19, 942 N.W.2d 865 (internal citations and quotations omitted). Although the State's failure to preserve evidence is not the same as a *Brady* violation, once evidence has been collected, the State may violate a defendant's due process rights if it fails to preserve the evidence. *State v. Ostby*, 2014 ND 180, ¶ 14, 853 N.W.2d 556.

> Unless a criminal defendant shows bad faith on the part of law enforcement, failure to preserve potentially useful evidence does not violate the defendant's due process rights. Whether a law enforcement officer's action could be termed reckless, intentional, negligent, or merely that of following or failing to follow regular police procedure, the evidentiary standard necessary to prove bad faith by the state with regard to the destruction or loss of evidence is quite high. Bad faith, as used in cases involving destroyed evidence or statements, means that the state deliberately destroyed the evidence with the intent to deprive the defense of information; that is, that the evidence was destroyed by, or at the direction of, a state agent who intended to thwart the defense.

*Id.* at ¶ 15 (internal citations and quotations omitted). We have recognized if the State systemically disregards its duty to protect evidence in its possession zealously "so that haphazard handling and destruction of evidence is commonplace" less stringent rules might be appropriate. *City of Bismarck v. Holden*, 522 N.W.2d 471, 475 (N.D. 1994) (citing *Madison v. N.D. Dep't of Transp.*, 503 N.W.2d 243, 246 (N.D. 1993); *State v. Steffes*, 500 N.W.2d 608, 613-14 nn.5-6 (N.D. 1993)).

[¶4]   Here, the *Brady* rule does not apply because Schweitzer is alleging the State lost his cane, not that the State suppressed it because it was favorable to him. However, Schweitzer has not met his burden to prove the State acted in bad faith when it lost the cane, nor is there evidence the police consistently lost evidence. He claims the State was merely "negligent in its duty to keep evidence safe and secure." The district court found no evidence that the State deliberately destroyed the cane, as the standard requires, or made it unavailable to thwart Schweitzer's defense. Schweitzer failed to show the State acted in bad faith. Therefore, the State did not violate Schweitzer's due process rights when it lost the cane.

## II

[¶5]   Schweitzer also argues insufficient evidence existed to convict him of aggravated assault. "In reviewing challenges to the sufficiency of the evidence on appeal, the defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict." *State v. Eggleston*, 2020 ND 68, ¶ 7, 940 N.W.2d 645 (internal citations and quotations omitted). Schweitzer has not shown how the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict. Sufficient evidence existed to convict him of aggravated assault.

## III

[¶6]   We affirm the criminal judgment.

[¶7]   Jon J. Jensen, C.J.
       Gerald W. VandeWalle
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte