# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 104

State of North Dakota,                                    Plaintiff and Appellee

v.

Kurt Noel Johnson,                                    Defendant and Appellant

### No. 20220331

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Troy J. LeFevre, Judge.

AFFIRMED.

Per Curiam.

Megan B. Carmichael, Assistant State's Attorney, Jamestown, ND, for plaintiff and appellee; submitted on brief.

Laura C. Ringsak, Bismarck, ND, for defendant and appellant; submitted on brief.

**Per Curiam.**

[¶1]   Kurt Johnson appeals from a criminal judgment entered after a jury convicted him of domestic violence and false information or report to law enforcement. Johnson asserts the evidence is insufficient to support the convictions. To preserve an argument on sufficiency of the evidence for appeal, a defendant must move for acquittal under N.D.R.Crim.P. 29. *State v. Rourke*, 2017 ND 102, ¶ 7, 893 N.W.2d 176. A motion to dismiss may be treated as a motion for judgment of acquittal under Rule 29(a). *State v. Krull*, 2005 ND 63, ¶ 13, 693 N.W.2d 631. Johnson made a motion to dismiss before the trial began. Motions to dismiss made before the trial begins do not meet the requirements of a motion for judgment of acquittal under Rule 29(a). Johnson did not preserve this issue for appeal.

[¶2]   "The exception to the requirement of a motion for judgment of acquittal is if the trial court committed obvious error." *City of Fargo v. Lunday*, 2009 ND 9, ¶ 5, 760 N.W.2d 136. "[I]t is the defendant's burden to show an obvious error that effects a substantial right." *Rourke*, 2017 ND 102, ¶ 8. Johnson failed to argue obvious error on appeal. "We need not exercise our discretion to notice obvious error in an appeal when the defendant does not raise the issue of obvious error[.]" *Id*. We summarily affirm under N.D.R.App.P. 35.1(a)(7). *State v. Smith*, 2019 ND 239, ¶ 15, 934 N.W.2d 1 ("[W]e are not required to exercise our discretion to notice obvious error when the defendant has not raised an issue about obvious error on appeal.").

[¶3]   Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr