20230318
FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
05-02-2024
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 79

State of North Dakota,                               Plaintiff and Appellee

　　　v.

Jason Robert Pederson a/k/a Katheryn Pederson,     Defendant and Appellant

## No. 20230318

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Constance L. Cleveland, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Jason Van Horn, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

Samuel A. Gereszek, Grand Forks, ND, for defendant and appellant.

**Bahr, Justice.**

[¶1]   Jason (a.k.a. Katheryn) Pederson appeals from a criminal judgment entered following a jury verdict finding her guilty of one count of terrorizing. We conclude Pederson did not establish a *Brady* violation. We further conclude Pederson did not preserve the issue of insufficient evidence because she failed to move for acquittal under N.D.R.Crim.P. 29, and did not argue obvious error. We affirm.

I

[¶2]   Following the termination of her employment, Pederson filed an employment discrimination lawsuit in federal court against her former employer. On December 29, 2022, Pederson sent an email to her former employer, writing, "Consistent with the most recent order/motion I intend to retrieve damages. If the Defending party wishes to pay $107,000 within 7 days, else I will retrieve damages through the taking of physical assets." On January 6, 2023, Pederson sent a second email, which stated, "Consistent with the previous email and aforementioned court filings I'll be in the Defendant's location some time next week with my tools. Please inform the Defendant's employees to stay out of the way. I would like to avoid any unnecessary deaths if at all possible."

[¶3]   After receiving these emails, Pederson's former employer contacted law enforcement. Officer Tanner Anderson spoke with Pederson by telephone on January 8, 2023 to inform her she was trespassed from her former employer's property, meaning she could not go on her former employer's property. Officer Anderson recorded the conversation on his bodycam.

[¶4]   Officers arrested Pederson on January 10, 2023. The State charged Pederson with one count of terrorizing. The charge was based on her emails to her former employer. Pederson submitted a N.D.R.Crim.P. 16 disclosure request to the State, and filed a motion to compel discovery. The State did not

turn over to Pederson the bodycam recording of Officer Anderson's January 8, 2023 telephone conversation with her.

[¶5] The district court held a two-day jury trial. Pederson represented herself. At the pretrial conference, Pederson argued the State violated *Brady* because it did not provide her the recording of her conversation with Officer Anderson. The court stated they would address the issue when Officer Anderson takes the stand.

[¶6] After a recess, the State informed the district court that there would have been a bodycam of the conversation between Officer Anderson and Pederson. The State argued any statements on the recording are not relevant because they relate to the trespass, not the terrorizing charge. The State explained it did not provide the recording to Pederson because the recording was filed in the civil trespass file, not the criminal case. Pederson responded, "the State has acknowledged, there is a recording and they were aware of it. So I don't think [Officer Anderson] should be able to testify if there is a recording and the State failed to turn it over in time." The court found the State's failure to disclose the recording was not intentional, and that because the recording exists, although in a different file, the State must provide it before Officer Anderson is called as a witness. The court also said it would provide Pederson time to review the recording and decide how to use it before Officer Anderson testifies.

[¶7] Following a recess during voir dire, the State informed the district court it did not know if the recording still exists. After the court stated it is not sure what the appropriate remedy is, or even what remedy Pederson is requesting, Pederson responded, "I would say that I would want Anderson to testify with regard to his failure to provide the recording." The court responded that, depending on how things progress, later motions can be made regarding the issue.

[¶8] The State updated the district court and Pederson regarding the recording after the noon recess. The State explained that because the bodycam video was logged in under the trespass file, it was "automatically deleted after

2

180 days. So the video itself is no longer in existence, and that's the update that I have for the court and for Ms. Pederson." The court found the State's lack of disclosure was not intentional, and held preventing Officer Anderson from testifying is not warranted based on the nature of the recording and the State's disclosure of a police report and email regarding the conversation between Officer Anderson and Pederson. It continued, "We are acknowledging that a recording did exist, and certainly determining what happened to that and what would be available to Ms. Pederson on cross-examination should the State choose to call Officer Tanner Anderson."

[¶9] During the State's direct examination of Officer Anderson, the State questioned Officer Anderson about informing Pederson of being trespassed, about him recording the conversation on his bodycam, and about what happened to the recording. Pederson cross-examined Officer Anderson about the recording being deleted, among other things.

[¶10] On the second day of trial, the State informed the district court and Pederson that it located two bodycam recordings relating to the case. Neither recording was of the conversation between Officer Anderson and Pederson. The court held an in camera review of the recordings with the State and Pederson present. After the in camera review of the two videos, the court noted the recording of the conversation between Officer Anderson and Pederson is still missing. After stating the recording of the communication between Officer Anderson and her is still missing, Pederson said, "I don't know what the remedy for that would be." Pederson did not make any motion or request any relief due to the missing recording. The trial continued. At the conclusion of trial, the jury found Pederson guilty of terrorizing.

II

[¶11] Pederson argues the State's failure to preserve and disclose the recording of her conversation with Officer Anderson is a *Brady* violation.

[¶12] Under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), "suppression by the prosecution of evidence favorable to an accused violates due process if the evidence is material to guilt or punishment irrespective of the good faith or bad

3

faith of the prosecution." *State v. Kolstad*, 2020 ND 97, ¶ 19, 942 N.W.2d 865. A *Brady* violation occurs when:

> (1) the government possessed evidence favorable to the defendant; (2) the defendant did not possess the evidence and could not have obtained it with reasonable diligence; (3) the prosecution suppressed the evidence; and (4) a reasonable probability exists that the outcome of the proceedings would have been different if the evidence had been disclosed.

*State v. Schweitzer*, 2021 ND 109, ¶ 3, 961 N.W.2d 310 (quoting *Kolstad*, at ¶ 19). "The undisclosed material must be plainly exculpatory; *Brady* does not apply to evidence that might have been exculpatory." *State v. Horn*, 2014 ND 230, ¶ 21, 857 N.W.2d 77. "There is no *Brady* violation if the defendant fails to demonstrate the evidence was favorable to him." *Id.*

[¶13] The State admits it had, but never turned over to Pederson, the recording of her conversation with Officer Anderson. The State explains the recording was saved under a different file number, not retrieved when requested by Pederson, and deleted after 180 days. Although the State possessed the recording and did not disclose it to Pederson, we do not need to decide whether the State's action constitutes suppression of the recording because Pederson has not satisfied the first prong of the *Brady* test. *See Kolstad*, 2020 ND 97, ¶ 23 ("Evidence that has not been collected or preserved raises issues involving categories one and two but does not invoke Brady or an analysis under category three.").

[¶14] Under the first prong, Pederson must demonstrate the recording was favorable to her or plainly exculpatory. As argued by the State, and found by the district court, the recording did not directly relate to the terrorizing charge against Pederson. The State charged Pederson for conduct occurring between November 29, 2022 and January 6, 2023. Pederson sent the emails that are the basis of the charge on December 29, 2022 and January 6, 2023. Her conversation with Officer Anderson was on January 8, 2023, two days after Pederson sent the second email. The State did not charge Pederson with terrorizing based on her conversation with Officer Anderson. Pederson has not

4

demonstrated how a recording of her conversation with Officer Anderson, days after she sent the emails, would exculpate her of the charge of terrorizing.

[¶15] The district court did not err when it determined the recording was not relevant to the charge of terrorizing. We conclude Pederson has not met her burden of demonstrating the recording was evidence favorable to her.

## III

[¶16] Pederson argues there is insufficient evidence to sustain a conviction.

[¶17] "Regarding the preservation of a sufficiency of the evidence challenge for appeal, this Court has held the defendant must move for acquittal under N.D.R.Crim.P. 29 to preserve the issue of sufficiency of the evidence for review in a jury trial." *State v. Rourke*, 2017 ND 102, ¶ 7, 893 N.W.2d 176. "A self-represented litigant is not granted leniency because of his status and is bound by the rules of procedure." *State v. Hamre*, 2019 ND 86, ¶ 18, 924 N.W.2d 776.

[¶18] Pederson did not move for acquittal under N.D.R.Crim.P. 29. Therefore, the issue of sufficiency of the evidence is not preserved. Pederson also did not brief or argue "grounds for seeking review of an issue not preserved," as required by N.D.R.App.P. 28(b)(7)(B)(ii). *See State v. Wiese*, 2024 ND 39, ¶ 7 ("Appellate rules must be complied with and treated respectfully."). An "exception to the requirement of a motion for judgment of acquittal is if the trial court committed obvious error." *Rourke*, 2017 ND 102, ¶ 7 (quoting *City of Fargo v. Lunday*, 2009 ND 9, ¶ 5, 760 N.W.2d 136). However, Pederson did not argue the district court committed obvious error. Therefore, this Court will not consider whether the court committed obvious error. *State v. Hansford*, 2019 ND 52, ¶ 29, 923 N.W.2d 113 ("We only decide issues that have been thoroughly briefed and argued.").

[¶19] We conclude Pederson did not preserve the issue of whether there was sufficient evidence to sustain her conviction.

## IV

[¶20] We have considered the parties' other arguments and conclude they are unnecessary for the decision or are without merit. We affirm.

[¶21] Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Douglas A. Bahr