STATE of Alaska, Petitioner,

v.

Kenneth C. LAMB, Respondent.

No. 7071.

Court of Appeals of Alaska.

Aug. 30, 1982.

---

Michael S. McLaughlin, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Wilson L. Condon, Atty. Gen., Juneau, for petitioner.

Robert M. Beconovich, Lynch, Farney & Crosby, Fairbanks, for respondent.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

### OPINION

PER CURIAM.

In this case the district court entered an order suppressing the results of a breathalyzer examination administered to the defendant. The breathalyzer test was given to the defendant prior to our decisions in *Cooley v. Municipality of Anchorage,* 649 P.2d 251 (Alaska App., 1982), and *Municipality of Anchorage v. Serrano,* 649 P.2d 256 (Alaska App., 1982). In suppressing the test results, the district court relied on these decisions, reasoning that they applied retroactively to cases in which suppression motions were pending at the time *Cooley* and *Serrano* were decided. The state petitioned for review. We granted the petition in order to clarify any possible ambiguity on the issue of retroactivity.

In *Municipality of Anchorage v. Serrano,* 649 P.2d 256, at 260–261 (citation omitted), we stated, in part, that our ruling would apply retroactively

> to those cases which have been consolidated for consideration here and in *Cooley v. Municipality of Anchorage*; to those cases in which suppression of the breathalyzer test has already been ordered by the lower courts; and to cases which arise after the date of this decision.

The reference in *Serrano* to "cases which arise after the date of this decision" includes only those cases in which breathalyzer examinations were administered after August 6, 1982. Thus, *Serrano* applies to only three categories of cases: (1) cases formally joined with those decided in *Serrano* and *Cooley*; (2) cases in which suppression had already been ordered on or before

August 6, 1982; and (3) cases in which breathalyzer tests were administered after August 6, 1982.

The suppression order entered by the district court is REVERSED.