**John B. FARLEIGH, Petitioner,**

v.

**MUNICIPALITY OF ANCHORAGE, Respondent.**

**Klass KARELS, Bruce Adams, and John W. Cramer, Petitioners,**

v.

**MUNICIPALITY OF ANCHORAGE, Respondent.**

**Nos. S–1162, S–1183.**

Supreme Court of Alaska.

Nov. 21, 1986.

---

Jeffrey M. Feldman, Gilmore & Feldman, Anchorage, for petitioner Farleigh.

Susan Orlansky, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for petitioners Karels, Adams, and Cramer.

Scott J. Sidell, Asst. Municipal Prosecutor, Anchorage, for respondent.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

RABINOWITZ, Chief Justice.

Petitioners in this case were each arrested and subsequently convicted for driving while intoxicated (DWI). Petitioners each made motions to suppress the results of breathalyzer tests administered to them on the ground that the police failed to preserve a breath sample. Their cases were stayed in the district court pending the outcome of a case before the court of appeals raising the same issue.

FACTS AND PROCEEDINGS.

On August 6, 1982, the court of appeals issued *Municipality of Anchorage v. Serrano,* 649 P.2d 256, 258 (Alaska App.1982), holding that results of a breathalyzer test must be suppressed where the prosecution did not make reasonable efforts to preserve a breath sample or take other steps to allow a defendant to verify the results of the test. The court of appeals further ruled that its decision should be applied "mainly prospectively." *Id.* at 260. The court of appeals clarified its retroactivity holding in a subsequent opinion, applying *Serrano* to only three categories of cases: 1) cases formally consolidated with the cases decided in *Serrano* and its companion case, *Cooley v. Municipality of Anchorage,* 649 P.2d 251 (Alaska App.1982); 2) cases in which the trial court had already ordered suppression on or before August 6,

1982; and 3) cases in which breathalyzer tests were administered after August 6, 1982. *State v. Lamb*, 649 P.2d 971, 972 (Alaska App.1982) (per curiam) (reversing post-August 6, 1982 district court order which had suppressed results of breathalyzer test administered to defendant prior to August 6, 1982).

Based on the court of appeals' retroactivity holding in *Lamb*, the district court denied petitioners' motions to suppress because their breathalyzer tests were administered prior to August 6, 1982, the trial court had not ordered suppression in their cases, and their cases had not been consolidated with *Serrano* or *Cooley*. Subsequently, petitioners each pled nolo contendre to DWI charges, preserving their rights to appeal the suppression issue pursuant to *Cooksey v. State*, 524 P.2d 1251 (Alaska 1974). Petitioners then appealed to the court of appeals, which held that they should not receive the benefit of *Serrano*. *Farleigh v. Municipality of Anchorage*, MO & J No. 903 (Court of Appeals, September 11, 1985).

This court granted petitioners' subsequent petition for hearing.

DISCUSSION.

We conclude that the court of appeals improperly denied retroactive application of the *Serrano* rule to petitioners' cases.[1] The court of appeals purported to base its holding on our decision in *State v. Glass*, 596 P.2d 10, 12 (Alaska 1979), to apply the rule announced therein mainly prospectively due to substantial reasonable reliance on the prior standard of law. *Serrano*, 649 P.2d at 260. We conclude that since the rule in *Serrano* is based on due process considerations which go to a defendant's right to a fair trial, it must be applied to all cases raising the suppression issue that were pending at the time the decision in *Serrano* was issued.

In *Serrano*, the court of appeals held that due process required the prosecution to take reasonable steps to preserve breath samples, stating that "[t]he ability of the defendant to 'cross-examine' these tests is critical to his case and to the integrity of the criminal justice system." 649 P.2d at 259. Recently we held that due process requirements rendered the breathalyzer test results inadmissible at a driver's license revocation proceeding, absent reasonable steps by the state to preserve the breath sample or to provide some other means for defendant to independently verify the test results. *Champion v. Department of Public Safety*, 721 P.2d 131 (Alaska 1986). We reiterated the purposes served by this rule:

> As in a criminal prosecution for driving while intoxicated, the breath test is of central importance in the administrative license revocation proceeding. The ability of the defendant to evaluate these tests is critical to his ability to present his case. To deny a driver a reasonable opportunity to test the reliability and credibility of the breath test is to deny him a meaningful and fundamentally fair hearing.

*Id.* at 133 (citations omitted).

We have weighed certain criteria in determining the extent to which a new rule of law should be applied retroactively: (1) the purpose to be served by the new standards; (2) the extent of the reliance by law enforcement authorities on the old standards; and (3) the effect on the administration of justice of a retroactive application of the new standards. *State v. Glass*, 596 P.2d at 13, *quoting Judd v. State*, 482 P.2d 273, 277–78 (Alaska 1971); *Lauderdale v. State*, 548 P.2d 376, 383 (Alaska 1976).

Review of our prior decisions indicates that the purpose to be served by the new rule is of critical importance in determining the extent to which the new rule is to be applied retroactively. In *Lauderdale v. State*, we held that due process required suppression of breathalyzer test results if the state did not produce the ampoules used in the test. 548 P.2d at 381. We held

---

1. Our holding makes it unnecessary for us to decide whether there were arrangements and understandings between the parties that would entitle petitioners to receive the benefit of the *Serrano* decision notwithstanding the court of appeals' holding regarding retroactivity.

that this rule should apply retroactively to the named litigants and to all pending cases in which defendants had taken breathalyzer tests and had sought production of the breathalyzer ampoules. *Id.* at 383, 384. In reaching at this result, we pointed out that the purpose of the new rule was to afford the defendant a fair trial. *Id.* at 383. On the other hand, law enforcement officials had relied in good faith on the old standard and hundreds of prior drunk driving cases had been disposed of where the breathalyzer test had been used. *Id.* These factors weighed against broader retroactive application of the rule to all cases which had been tried and disposed of prior to the announcement of the new rule. *Id.*

In *State v. Glass,* we held that the rule suppressing warrantless electronic monitoring of a conversation between a police informant and a defendant was to be applied prospectively to activity occurring on or after the date of decision.[2] 596 P.2d at 11–12. We first analyzed the purpose criteria:

> A review of the decisions of the Supreme Court of the United States dealing with retroactivity questions indicates that the starting point in analysis is the purpose criterion. Where the purpose of the new rule is primarily related to the integrity of the verdict, the application thereof has generally been extended to all cases....
>
> On the other hand, where the purpose of a new constitutional standard is not to minimize arbitrary or unreliable fact findings, but to serve other ends, retroactive application has generally been denied.

*Id.* at 14, *quoting Rutherford v. State,* 486 P.2d 946, 952–53 (Alaska 1971) (footnotes omitted). We also stated that the purpose criterion pointed "decisively away" from retroactive application since exclusion of the tape recordings served not to ensure defendants a fair trial, but rather to deter police misconduct and to preserve judicial integrity by not making courts party to invasions of constitutional rights.[3] *Id.* at 13–14.

Finally, in *Howe v. State,* 611 P.2d 16 (Alaska 1980), we reversed the defendant's conviction in view of our holding in *Houston v. State,* 602 P.2d 784, 795–96 (Alaska 1979), that a defendant is entitled to have his attorney present during a court-ordered psychiatric examination, even though our decision in *Houston* was announced subsequent to Howe's conviction. (In *Howe,* the defendant appealed on the ground that he was improperly denied the right to have counsel present during the examination, and the psychiatrist's testimony played a key role in his conviction). We held that Howe was entitled to retroactive application of the rule:

> Since the finding of Howe's guilt could have been affected by the court's ruling, the considerations which we found persuasive in denying retroactivity to our opinion in *State v. Glass,* 583 P.2d 872 (Alaska 1978), involving surreptitious monitoring of conversations, are not applicable.

*Howe,* 611 P.2d at 17 n. 1 (citation omitted).

■■■ These authorities indicate that where a new rule serves to ensure defendants a fair trial, it must be retroactively applied at least to any case which was not finally disposed of[4] at the time the rule

**2.** We retroactively applied the new rule to the named litigant and to cases under advisement by the court at that time. 596 P.2d at 12.

**3.** We further pointed out that law enforcement officials had reasonably relied on pre-*Glass* law and that retroactive application of *Glass* would have a substantial negative effect on the administration of justice. *Id.* at 14–15.

**4.** We have denied broader retroactive application of a new rule going to defendant's right to a fair trial on grounds of reasonable reliance by law enforcement officials on the old rule and potential impact on the administration of justice. *See Lauderdale,* 548 P.2d at 383. The United States Supreme Court, however, "has regularly given complete retroactive effect to new constitutional rules whose major purpose 'is to overcome an aspect of the criminal trial that substantially impairs its truth-finding function and so raises serious questions about the accuracy of guilty verdicts in past trials.'" *United States v. Johnson,* 457 U.S. 537, 544, 102 S.Ct. 2579, 2583, 73 L.Ed.2d 202, 210 (1982) (citations

was announced, provided that the defendant raised the point in the trial court. The *Serrano* rule clearly serves to ensure defendants a fair trial. Consequently, since petitioners' cases were not finally disposed of at the time *Serrano* was announced, and since each had moved to suppress the results of his breathalyzer test on the ground that the police failed to preserve a breath sample, petitioners are entitled to receive the benefit of the *Serrano* decision.

REVERSED.

omitted). In so doing, the Court has applied such rules to defendants whose convictions had been finally appealed at the time the new rule was announced. *E.g., Arsenault v. Massachusetts,* 393 U.S. 5, 89 S.Ct. 35, 21 L.Ed.2d 5 (1968) (per curiam). Moreover, the Court has given complete retroactive effect to such rules notwithstanding "good-faith reliance by state or federal authorities on prior constitutional law or accepted practice, ... [or] severe impact on the administration of justice." *Williams v. United States,* 401 U.S. 646, 653, 91 S.Ct. 1148, 1152, 28 L.Ed.2d 388, 395 (1971).