Alan **STEIN**, Appellant,

v.

**STATE** of Alaska, Appellee.

No. A–2386.

Court of Appeals of Alaska.

July 29, 1988.

William Bixby, Valdez, for appellant.

Robert D. Bacon, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

PER CURIAM.

Alan Stein was convicted of unlawfully fishing in closed waters in violation of 5 Alaska Administrative Code (AAC) 33.-310(c)(5). The case was prosecuted on a strict liability theory as a violation pursuant to *Beran v. State*, 705 P.2d 1280 (Alaska App.1985). A fine of $1,000 was imposed and paid. Two years later, Stein moved, apparently in reliance on Alaska Criminal Rule 35(a), to correct his sentence and reduce the fine to $300. He relied on *Constantine v. State*, 739 P.2d 188 (Alaska App.1987), in which we held as a matter of statutory construction that the legislature had limited fines for strict liability violations of fishing regulations to $300. The trial court denied relief and Stein appeals.

On appeal, the state concedes that *Constantine* must be applied retroactively since it, in effect, determines the jurisdiction of the court to assess fines for strict liability violations in excess of $300. *See Farleigh v. Anchorage*, 728 P.2d 637, 640–41 (Alaska 1986) (discussing circumstances under which decisions must be applied retroactively). The state argues, however, that Stein was obligated to raise the issue on appeal and by failing to do so, forfeited his right to bring this action. The state relies on Criminal Rule 35.1(b) and *Marrone v. State*, 653 P.2d 672 (Alaska App. 1982).

Having thoroughly reviewed the authorities, we are satisfied that the state has misperceived the basis for Stein's claim for relief. Stein's sentence was illegal. The trial court lacked jurisdiction to impose it. Stein's argument should be construed as relying on Criminal Rule 35(a), which provides for a motion to correct an illegal sentence. As one authority points out: "A sentence can be attacked as illegal under Rule 35(a) regardless of whether the point could have been raised on an earlier direct appeal." 3 C. Wright, *Federal Practice and Procedure: Criminal* 2nd § 584 at 395 (1982).

A motion to correct an illegal sentence must be distinguished from an application for post-conviction relief. *See id.* § 583 at 391–393. We therefore conclude that the trial court erred in not correcting Stein's sentence.

The judgment of the district court is REVERSED.[1]

---

1. The parties have not briefed the question whether Stein is entitled to any remedy beyond correction of the judgment against him. We express no opinion as to whether the district court has jurisdiction to grant restitution because the parties have not briefed the issue.