2017 ND 160

**STATE of North Dakota, Plaintiff and Appellant**

v.

**Eric N. HUTCHINSON, Defendant and Appellee**

Nos. 20170001 & 20170002

Supreme Court of North Dakota.

Filed 6/29/2017

Marlyce A. Wilder, State's Attorney, Williston, ND, for plaintiff and appellant; submitted on brief.

Steven D. Mottinger, Fargo, ND, for defendant and appellee; submitted on brief.

Kapsner, Justice.

[¶ 1] The State appeals from a district court order denying its motion to correct an illegal sentence. Because we conclude the sentence in this case was not an illegal sentence, we affirm.

I

[¶ 2] Eric Hutchinson was charged with two counts of class AA felony gross sexual imposition and one count of class C felony corruption or solicitation of minors. Hutchinson pleaded not guilty to the charges on December 1, 2015. At a January 11, 2016 change of plea hearing, the State indicated the parties had reached a plea agreement. The State agreed to dismiss one count of class AA felony gross sexual imposition and amend the remaining class AA felony gross sexual imposition charge to a class C felony corruption of a minor charge. The State suggested a five-year sentence with credit for time served for count 1 and a consecutive five-year sentence, all suspended for a period of five years from the date of Hutchinson's release. The State clarified the sentence would be "five years to serve, and then a consecutive five years that would be served all on probation." The district court asked Hutchinson if that was his understanding of the agreement, to which Hutchinson replied, "Yes, sir." Hutchinson then entered guilty pleas to two charges of class C felony corruption or solicitation of minors in violation of N.D.C.C. § 12.1–20–05. The district court accepted the guilty pleas, ordered a presentence investigation, and stated, "based on that we will determine whether or not to accept the agreement...."

[¶ 3] The district court held a sentencing hearing on August 23, 2016. At the hearing, the State was asked to recite the terms of the plea agreement. The State indicated a sentence that included five years with credit for time served suspended for a period of five years after release on one count, and the same for the second count, all to run concurrent. The district court asked the State if the intention was for Hutchinson to be released that day to serve his suspended sentence on supervised probation. The State asked Hutchinson's attorney to "weigh in" and "Help [the State] with this, since we changed a few things when we came—right before we came on the record." Hutchinson's counsel indicated it was his understanding the sentence would be "five [years incarceration], serve three on each, concurrent, with credit for 319 days." Hutchinson's counsel indicated that Hutchinson knew he still had "some time to do yet." The State was again asked to recite the sentence and stated: "The sentences, which would be concurrent, would be five years with the Department of Corrections. Three years to serve. Credit for 319 days, that he has served as of now." The district court stated, "[t]he sentence will be as you folks have agreed. And judgments will be entered accordingly." The district court entered criminal judgments on August 31, 2016. The criminal judgments stated Hutchinson was sentenced to five years incarceration with credit for 327 days spent in custody, concurrent with the same sentence for the other count, and two years incarceration, suspended for a period of five years of supervised probation from the date of release.

[¶ 4] The State realized it mistakenly agreed to a different sentence than had been recited and agreed to by Hutchinson at the change of plea hearing. The State requested a status conference to discuss the error in sentencing. At the hearing, the State's attorney explained she had realized the wrong sentence was recited at the sentencing hearing after the hearing had concluded. The State's attorney made it clear she was not alleging anyone inten-

tionally mislead the district court, but indicated she had mistakenly "blindly—followed [Hutchinson's counsel's] lead" at the hearing. Hutchinson's attorney indicated he had several matters he was handling at the courthouse on that day, one of which included a tentative offer of five years of incarceration with two years suspended. Hutchinson's attorney indicated he had mixed up the files and mistakenly suggested the wrong sentence at the sentencing hearing. He also indicated Hutchinson was not willing to agree to an increase in his sentence, even if it had been an error. The district court indicated the State could file a motion under Rule 35, N.D.R.Crim.P., and request modification of the sentence.

[¶ 5] The State filed a motion to correct an illegal sentence on November 17, 2016. Along with the motion, the State filed two exhibits containing email conversations between the State's attorney and Hutchinson's attorney. The State, in its brief in support of motion to correct an illegal sentence, included excerpts from the change of plea hearing where the plea agreement was recited and Hutchinson indicated he understood the agreement. The State argued both attorneys recognized an error had been made at the sentencing hearing and that the agreement had previously been for Hutchinson to serve five years of incarceration followed by a five-year suspended sentence to be served consecutively. The State argued the sentence was illegal because it failed to comply with promises made in the parties' plea bargain. The State asserted a correction of the sentence would not violate double jeopardy and asked the district court to amend the criminal judgments. Hutchinson, in his brief in opposition, asserted the State indicated the plea agreement had changed before the sentencing hearing began and that the State recited the "wrong" sentence itself at the hearing. Hutchinson argued the sentence was not illegal, and to in-

crease the sentence would be double jeopardy. The district court denied the State's motion to correct an illegal sentence. The State appealed.

## II

[¶ 6] On appeal, the State argues the district court erred when it denied its motion to correct an illegal sentence. Hutchinson asks this Court to affirm, because granting the State's motion would have resulted in an increase in his sentence, which would constitute double jeopardy, and would violate Hutchinson's due process rights.

### A

[¶ 7] "The State's right to appeal must be expressly granted by statute." *State v. Goldmann*, 2013 ND 105, ¶ 6, 831 N.W.2d 748 (quoting *State v. Erickson*, 2011 ND 49, ¶ 6, 795 N.W.2d 375). The State may appeal from "[a]n order made after judgment affecting any substantial right of the state." N.D.C.C. § 29-28-07(4). This Court previously determined a district court's "order denying the State's motion to correct an illegal sentence . . . affects a substantial right of the State, and is appealable." *State v. Wika*, 1998 ND 33, ¶ 6, 574 N.W.2d 831. Thus, the State has the right to appeal the district court's order in this case.

### B

[¶ 8] The State argues Hutchinson's sentence is illegal, and as a result, the district court should have amended the criminal judgment to reflect the sentence recited on the record at the change of plea hearing. Rule 35(a)(1), N.D.R.Crim.P., provides: "The sentencing court may correct an illegal sentence at any time . . . ." To the extent Rule 35(a)(1) uses the word "may," it is permissive with regard to the time

within which the sentencing court may act. It may correct a legal sentence imposed in an illegal manner within the times set out in Rule 35(b)(1). It may correct an illegal sentence at any time.

[¶ 9] "A sentence is illegal under Rule 35(a), N.D.R.Crim.P., if it is not authorized by the judgment of conviction." *State v. Raulston*, 2005 ND 212, ¶ 7, 707 N.W.2d 464 (citation omitted). We have previously stated:

> Examples of illegal sentences include: a sentence in excess of a statutory provision or in some other way contrary to an applicable statute, a sentence which fails to conform to the oral pronouncement of the sentence, or a sentence which is ambiguous with respect to the time and manner in which it is to be served. 3 Wright, *Federal Practice and Procedure: Criminal 2d* § 582 (1982). In addition, a sentence is illegal if it does not comply with a promise of a plea bargain, *DeCoteau v. State*, 504 N.W.2d 552, 556 (N.D. 1993); *cf.* 3 Wright, § 585 at 398 ("A sentence within statutory limits, but that is contrary to a plea agreement that has been accepted, by the court, is not illegal. It has, however, been imposed in an illegal manner"), or when the sentencing court lacks jurisdiction to impose it, *Stein v. State*, 758 P.2d 132, 133 (Alaska App. 1988).

*State v. Trieb*, 516 N.W.2d 287, 292 (N.D. 1994).

[¶ 10] At the change of plea hearing, the State indicated the sentence was "five years to serve, and then a consecutive five years that would be served all on probation." At the sentencing hearing, the district court asked the State to recite the terms of the plea agreement. The following exchange occurred:

> [THE STATE]: . . . As to 15–CR–01982, which is Count 1, it was charged as a GSI at the AA Felony level. The charge has previously been amended to a Corruption of a Minor at the C Felony level, and the Amended Information has been filed with the Court. We would suggest a sentence of five years with the Department of Corrections. Four years and 46 days of that would be suspended for a period of five years from his release. We did the calculation, Your Honor. It looks like there is 319 days that he has served already. During the time that he is on probation, that would be a supervised situation with sex offender terms and conditions, including the registration. He is also to have no contact with the Jane Does that are involved in this situation. . . . As to Count 2 of 15–CR–01982, that would be dismissed as part of the plea agreement. As to 15–CR–02166, which is a Corruption of a Minor charge at the C Felony level, he has changed his plea to guilty. We would suggest a sentence of five years with the Department of Corrections. Five years of that—excuse me, four years and 46 days of that suspended for a period of five years from his release. During that time he would be on supervised probation. Sex offender terms and conditions including the registration. He would have no contact with the Jane Does that were involved in this. . . . And, Your Honor, these would be served concurrently.
>
> THE COURT: Credit for time on the second one?
>
> [THE STATE]: It would be 319 days as well, Your Honor.
>
> THE COURT: So, by that he would be released today? Is that what you are saying? I am asking. I am not telling.
>
> [THE STATE]: Well, that—
>
> THE COURT: Five years—
>
> [THE STATE]: That's what it would be, Your Honor, yes.

THE COURT: Okay. I am just saying it out loud.

[THE STATE]: If we have the sentencing—yeah, he's served 319 days.

THE COURT: Okay. So, he would be released today. I didn't think that was a hard question.

[THE STATE]: Well, I didn't think it was either, until I started to look at the sentences, Your Honor. Was that— Steve, weigh in here for me. Help me with this, since we changed a few things when we came—right before we came on the record.

[HUTCHINSON'S COUNSEL]: Your Honor, in all due respect to the States Attorney's office, my understanding the agreement was five, serve three on each, concurrent, with credit for 319 days. He does know he has got some time to do yet.

THE COURT: That's—

[THE STATE]: My math is bad, Your Honor. I apologize for that. That was my mistake.

The district court then asked the State to recite the sentence again. The State said, "The sentences, which would be concurrent, would be five years with the Department of Corrections. Three years to serve. Credit for 319 days, that he has served as of now." The sentence recited at the sentencing hearing and appearing on the criminal judgments differs from the sentence recited at the change of plea hearing.

[¶ 11] Both the State and Hutchinson's counsel acknowledged they had mistakenly presented a sentence different from the one presented at the earlier change of plea hearing. Hutchinson's counsel told the district court, and the State agreed, that he did not intentionally mislead the court. Hutchinson's counsel also stated at a status conference, "[w]e had another similar file where we had a tentative offer of five, serve three. And I simply confused the files." Following the status conference, the State filed its motion to correct an illegal sentence. The district court ultimately denied the State's motion.

[¶ 12] The district court did not abuse its discretion when it denied the State's motion. The sentence is not "illegal" because it is within the statutory limits for class C felonies. *See* N.D.C.C. § 12.1–32–01(4). The State indicated at the sentencing hearing, "we changed a few things when we came—right before we came on the record." The district court did not accept any plea agreement until the sentencing hearing. Under Rule 11(c)(3)(A), N.D.R.Crim.P., when presented with a plea agreement that either includes an agreement to dismiss other charges or an agreement that a specific sentence is the appropriate disposition of the case, the district court can either "accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." This case involved a plea agreement that included an agreement to dismiss other charges and a specific sentence recommendation. It is clear from the record the district court deferred its decision to accept or reject the plea agreement until after the pre-sentence investigation was completed. Thus, the district court did not accept the plea agreement at the change of plea hearing. The district court instead accepted the plea agreement presented, in open court, at the sentencing hearing. The district court stated, "[t]he sentence will be as you folks have agreed. And judgments will be entered accordingly." As a result, the sentence is also not illegal because it does not differ from the plea agreement accepted by the district court at the sentencing hearing and it falls within the statutory limits. Therefore, the district court did not abuse its discretion when it denied the

State's motion to correct an illegal sentence.

### III

[¶ 13] We conclude the sentence was not illegal and, as a result, the district court did not abuse its discretion when it denied the State's motion to correct an illegal sentence. We affirm.

[¶ 14] Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Gerald W. VandeWalle, C.J.