# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 21

State of North Dakota,                                       Plaintiff and Appellee

v.

Branden Lyle Lyon,                                       Defendant and Appellant

No. 20180130

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce B. Haskell, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Julie A. Lawyer, Burleigh County Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee; submitted on brief.

William R. Thomason, Bismarck, ND, for defendant and appellant; submitted on brief.

**State v. Lyon**

**No. 20180130**

**Crothers, Justice.**

[¶1]    Branden Lyon appeals from an amended judgment entered after his convictions for attempted murder, terrorizing, terrorizing–domestic violence, and illegal possession of a firearm.  We conclude Lyon's sentence is illegal because the district court did not act within statutorily prescribed sentencing limits.  The amended judgment is reversed and the case remanded for resentencing Lyon.

I

[¶2]    In October 2015 Lyon was charged with attempted murder, a class A felony, terrorizing, a class C felony, terrorizing–domestic violence, a class C felony and illegal possession of a firearm, a class C felony.  The State alleged Lyon was a habitual offender due to his numerous prior felony convictions.  The State filed notice requesting Lyon be sentenced, if convicted, as a dangerous special offender or habitual offender under N.D.C.C. § 12.1-32-09.

[¶3]    In October 2017 a jury found Lyon guilty of all four charges.  A presentence investigation was completed, and a sentencing hearing was held.  The district court sentenced Lyon to life in prison with the possibility of parole on the attempted murder charge, and to five years in prison on each of the remaining three charges.  The sentences were concurrent.  A criminal judgment was entered.  The judgment was amended to state the court found Lyon a habitual offender under N.D.C.C. § 12.1-32-09.

II

[¶4]    Lyon argues the district court erred in sentencing him to life in prison because no evidence supports the court's habitual offender finding and the court did not

properly find he was a habitual offender. The State agrees the court failed to follow statutory requirements for sentencing Lyon as a habitual offender.

[¶5]    The district court has discretion in sentencing a defendant, and our review generally is limited to determining whether the court acted within the sentencing limits prescribed by statute or substantially relied upon an impermissible factor. *State v. Clark*, 2012 ND 135, ¶ 18, 818 N.W.2d 739. This Court reviews habitual offender proceedings and the district court's application of a sentencing enhancement under N.D.C.C. § 12.1-32-09 for an abuse of discretion. *State v. Cain*, 2011 ND 213, ¶ 16, 806 N.W.2d 597. A court abuses its discretion when it acts in an unreasonable, arbitrary, or capricious manner, or when it misinterprets or misapplies the law. *Id.*

[¶6]    A sentence is illegal if it is not authorized by the judgment of conviction. *See State v. Hutchinson*, 2017 ND 160, ¶ 9, 897 N.W.2d 321. A sentence in excess of a statutory provision or in some other way contrary to an applicable statute is an illegal sentence. *See id.*

[¶7]    The district court sentenced Lyon to life in prison with the possibility of parole on the attempted murder charge. Attempted murder is a class A felony under N.D.C.C. § 12.1-06-01. The maximum penalty for a class A felony is 20 years imprisonment. N.D.C.C. § 12.1-32-01. The court's sentence is not within the statutory limit for a class A felony.

[¶8]    Section 12.1-32-09(1), N.D.C.C., allows the district court to extend an offender's sentence if the court finds the offender is a habitual offender, stating:

> "A court may sentence a convicted offender to an extended sentence as a dangerous special offender or a habitual offender in accordance with this section upon a finding of any one or more of the following:
> . . .
> c. The convicted offender is a habitual offender. The court may not make such a finding unless the offender is an adult and has previously been convicted in any state or states or by the United States of two felonies of class C or above committed at different times when the offender was an adult. . . ."

The State must give reasonable notice before trial that it is requesting the defendant be sentenced as a dangerous special offender or a habitual offender. N.D.C.C. §

12.1-32-09(3). The notice must explain why the State believes the defendant is a dangerous special offender or a habitual offender. *Id.*

[¶9] Section 12.1-32-09(4), N.D.C.C., requires a hearing be held before the sentence is imposed. The habitual offender hearing may be combined with the sentencing hearing. *Cain*, 2011 ND 213, ¶ 17, 806 N.W.2d 597. When the State seeks an enhanced sentence under N.D.C.C. § 12.1-32-09(1)(c), it must prove by a preponderance of the evidence that the defendant is a habitual offender. N.D.C.C. § 12.1-32-09(4)(b). "A duly authenticated copy of a former judgment or commitment is prima facie evidence of such former judgment or commitment." N.D.C.C. § 12.1-32-09(5). A court may impose a maximum sentence of life imprisonment for a class A felony if the defendant is found a habitual offender and statutory requirements are met. N.D.C.C. § 12.1-32-09(2).

[¶10] Here, the State gave notice it was requesting Lyon be sentenced as a habitual offender. But the district court did not sentence Lyon as a habitual offender under N.D.C.C. § 12.1-32-09. During the sentencing hearing the State advised the court that it filed a motion for sentencing under the habitual offender statute and its recommended sentence was based on the court finding Lyon is a habitual offender. Lyon objected, arguing he never received certified judgments to substantiate the motion and the standard could not be met without evidence. The State requested the court let it respond to the habitual offender issue, and the court said, "Well you don't need to worry about that." The court then explained that several factors supported a harsh sentence, including the seriousness of the offenses and Lyon's failure to take responsibility for his actions. The court stated Lyon is a dangerous person; he had several prior offenses involving police officers; he committed an offense almost every year starting when he was a juvenile; and he committed numerous assaults, robberies, probation violations, and domestic violence. The court said it did not think Lyon deserved any further chances and Lyon did not understand how bad his actions were. The court said:

> "So based on that, on count 1, I'm going to impose the sentence of life in prison with the possibility of parole. Count 2 will be five

3

years.  Count 3, five years; count 4, five years.  All of those sentences will run concurrent to each other, which is why I said, [Assistant State's Attorney], you don't need to worry about the habitual offender."

The court did not find Lyon was a habitual offender and did not sentence him under the habitual offender statute.

[¶11]  Although the district court subsequently entered an amended judgment stating Lyon was a habitual offender, statutory requirements were not met and the court did not originally sentence Lyon as a habitual offender.  Because Lyon was not sentenced as a habitual offender, his sentence for the attempted murder charge exceeds the statutory maximum sentence allowed for a class A felony.  Therefore, Lyon's sentence is illegal, and the amended judgment is reversed and the case is remanded for resentencing.  If the State requests habitual offender sentencing on remand, the statutory procedures must be followed.

### III

[¶12]  The amended judgment is reversed and this case is remanded for resentencing.

[¶13]  Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen
Jerod E. Tufte
Gerald W. VandeWalle, C.J.

4