IN THE SUPREME COURT
STATE OF NORTH DAKOTA

2024 ND 180

State of North Dakota,                                    Plaintiff and Appellee

v.

Thomas Joseph Roller,                              Defendant and Appellant

No. 20240051

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Isaac O. Lees, Assistant Burleigh County State's Attorney, Bismarck, ND, for plaintiff and appellee; on brief.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant; on brief.

**Bahr, Justice.**

[¶1] Thomas Roller appeals from a criminal judgment entered after a jury convicted him of terrorizing an adult victim, reckless endangerment, criminal mischief, and domestic violence. He argues the jury instruction identifying the essential elements of criminal mischief allowed the jury to find him guilty of a non-cognizable offense. He further argues the district court imposed an illegal sentence by considering his prior convictions when determining he was a habitual offender. We affirm the judgment.

I

[¶2] In July 2023, the State charged Roller with terrorizing an adult victim, a class C felony, reckless endangerment, a class C felony, criminal mischief, a class A misdemeanor, unauthorized use of a vehicle, a class A misdemeanor, and domestic violence, a class B misdemeanor. At the same time, the State gave written notice of its intent to request Roller be sentenced as a habitual offender under N.D.C.C. § 12.1-32-09(1)(c). The notice identified five separate cases in which Roller was allegedly convicted of eight class C felonies. Before trial, the district court granted the State's motion to dismiss the unauthorized use of a vehicle charge. The court held a jury trial in November 2023.

[¶3] The district court's jury instructions stated the essential elements of criminal mischief as:

1) On or about July 19 through July 20, 2023, in Burleigh County, ND;
2) The Defendant, Thomas Roller;
3) *Willfully* damaged a vehicle, belonging to Wendy Moore; and
4) *Intentionally* caused pecuniary loss greater than $100.

(Emphasis added.) Roller did not object to the instructions.

[¶4] The jury returned a guilty verdict on all four charges.

[¶5] The district court held a presentencing hearing to determine whether Roller met the statutory requirements to be sentenced as a habitual offender. The State requested the court take judicial notice "of its own files and docket" reflecting the judgments in five cases. Roller objected, arguing there was no direct authentication verifying that he was the defendant in the prior cases. He later withdrew the objection, stating he was not taking the position he was not the defendant in the five cases. After taking judicial notice of the five judgments, the court found Roller met the criteria to be sentenced as a habitual offender.

[¶6] At a later sentencing hearing, the district court sentenced Roller to concurrent sentences of ten years for terrorizing an adult victim and reckless endangerment, suspending all but seven years of the sentences. The court sentenced Roller to 202 days for criminal mischief and 30 days for domestic violence.

II

[¶7] Roller argues the jury instruction on the essential elements of criminal mischief included "a legally impossible culpability" because the instruction included both "willfully" and "intentionally."

[¶8] "The district court must instruct the jury on the law; however, the parties must request and object to specific jury instructions." *State v. Hartson*, 2024 ND 78, ¶ 19, 6 N.W.3d 639 (quoting *State v. Jacob*, 2006 ND 246, ¶ 14, 724 N.W.2d 118). "[A] party who objects to an instruction . . . must do so on the record, stating distinctly the matter objected to and the grounds[.]" N.D.R.Crim.P. 30(c)(1). "When a defendant fails to object to a proposed instruction properly, or fails to specifically request an instruction or object to the omission of an instruction, the issue is not adequately preserved for appellate review and our inquiry is limited under N.D.R.Crim.P. 52(b) to whether the jury instructions constitute obvious error affecting substantial rights." *Hartson*, at ¶ 20.

[¶9] Roller did not propose an instruction identifying the essential elements of criminal mischief. He also did not object to the district court's proposed instruction regarding the essential elements of criminal mischief. Roller acknowledges he did not preserve this issue for appeal. He requests we review

2

the instruction for obvious error. *See State v. Studhorse*, 2024 ND 110, ¶ 23, 7 N.W.3d 253 (stating when defendant does not make an objection to the proposed jury instructions, the alleged error is not preserved for appeal and the court reviews only for obvious error).

[¶10] "To establish an obvious error, the defendant must show: (1) error; (2) that is plain; and (3) the error affects the defendant's substantial rights." *State v. Gardner*, 2023 ND 116, ¶ 5, 992 N.W.2d 535 (quoting *State v. Smith*, 2023 ND 6, ¶ 5, 984 N.W.2d 367). "To constitute obvious error, the error must be a clear deviation from an applicable legal rule under current law. There is no obvious error when an applicable rule of law is not clearly established." *Id.* (quoting *State v. Lott*, 2019 ND 18, ¶ 8, 921 N.W.2d 428). "We have discretion in deciding whether to correct an obvious error, and we should exercise that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (quoting *Smith*, at ¶ 5).

[¶11] "Jury instructions must correctly and adequately inform the jury of the applicable law and must not mislead or confuse the jury." *State v. Martinez*, 2015 ND 173, ¶ 8, 865 N.W.2d 391 (quoting *State v. Pavlicek*, 2012 ND 154, ¶ 14, 819 N.W.2d 521). "We review the instructions as a whole to determine whether they correctly and adequately advise the jury of the applicable law even if part of the instruction standing alone may be insufficient or erroneous." *State v. Gaddie*, 2022 ND 44, ¶ 6, 971 N.W.2d 811.

[¶12] Under N.D.C.C. § 12.1-21-05, a person is guilty of criminal mischief, a class B misdemeanor, if the person "[w]illfully damages tangible property of another." N.D.C.C. § 12.1-21-05(1)(b), (2) (1997) (amended 2023).[1] The offense increases to a class A misdemeanor if the person "intentionally causes pecuniary loss of from one hundred dollars through two thousand dollars." N.D.C.C. § 12.1-21-05(2)(c) (1997).

---

[1] The information charged Roller with conduct that allegedly occurred in July 2023. Section 12.1-21-05(2), N.D.C.C., was amended effective August 1, 2023. 2023 N.D. Sess. Laws ch. 129, § 1.

[¶13] Roller argues it is not legally possible to both "willfully cause damage" and "intentionally cause pecuniary loss." Roller does not cite any authority showing "willfully" and "intentionally" are incongruent. To the contrary, in *Gaddie*, 2022 ND 44, ¶ 26, this Court determined "'willfully' as defined by N.D.C.C. § 12.1-02-02(1)(e) is not necessarily inconsistent with a crime requiring specific intent[.]" Further, "willful" conduct includes "intentional" conduct. N.D.C.C. § 12.1-02-02(1)(e) (a person engages in conduct "willfully" if the person "engages in the conduct intentionally, knowingly, or recklessly."). Thus, intentional conduct is a subset of willful conduct, meaning a person's conduct can be both willful and intentional.

[¶14] Criminal mischief requires "willful" conduct, which includes intentional conduct. By using the broader term "willfully" and the narrower term "intentionally" as elements of the same crime, when read as a whole, the instructions require the jury to find "intentional" conduct. In other words, the jury's finding Roller intentionally caused pecuniary loss greater than $100 necessarily includes a finding Roller willfully damaged the vehicle—intentional conduct being a subset of willful conduct. Thus, the jury instructions increased the State's burden of proof by narrowing the culpability level from any "willful" conduct to only "intentional" conduct.

[¶15] The district court's use of "willfully" and "intentionally" in its jury instruction is not a clear deviation from the statutory language of N.D.C.C. § 12.1-21-05 or any clearly established rule of law. The court's instructions correctly advised the jury on the elements of the crime. We conclude the district court did not commit error.

III

[¶16] Roller argues the district court imposed an illegal sentence after finding he was a habitual offender. Specifically, he claims "there was no foundation or authentication for the prior convictions asserted in the State's notice," and that "[t]he State did not meet [its] burden of production that the prior conviction[s] were with counsel or that counsel was waived."

4

[¶17] "A district court has discretion in sentencing, and review of a sentence is generally limited to whether the court acted within the statutorily prescribed sentencing limits or substantially relied on an impermissible factor." *State v. Maines*, 2019 ND 274, ¶ 4, 935 N.W.2d 665 (cleaned up). "This Court reviews habitual offender proceedings under N.D.C.C. § 12.1-32-09 and the application of a sentence enhancement for an abuse of discretion." *Id*. "A trial court abuses its discretion only when it acts in an arbitrary, unreasonable, or capricious manner, or misinterprets or misapplies the law." *Id.* (quoting *State v. Cain*, 2011 ND 213, ¶ 16, 806 N.W.2d 597).

[¶18] At the presentencing hearing on his habitual offender status, Roller initially objected to the State's request the district court take judicial notice of the court files reflecting the judgments in five cases. However, Roller later withdrew his objection, stating he was not taking the position he was not the defendant in the five cases.

[¶19] Rule 28(b)(7)(B)(ii), N.D.R.App.P., requires the appellant's brief contain "citation to the record showing that the issue was preserved for review; or a statement of grounds for seeking review of an issue not preserved[.]" Except for the objection he later withdrew, Roller's brief does not cite to the record where Roller objected to the district court taking judicial notice of the judgments; it also does not cite to where he argued the court could not consider the prior convictions because the State did not meet its burden of showing the convictions were with counsel or that counsel was waived. Roller's brief provides no argument regarding why this Court can review these issues when they were not preserved. Roller's brief on these issues does not meet the minimum requirements of Rule 28(b)(7), N.D.R.App.P. "Appellate rules must be complied with and treated respectfully." *State v. Wiese*, 2024 ND 39, ¶ 7, 4 N.W.3d 242.

[¶20] Unlike the jury instructions, Roller does not request we review the sentencing procedures under the obvious error standard. "The burden to show an obvious error is on the appellant, and when it is not argued, it is difficult for an appellate court to conclude the burden is satisfied." S*tate v. Sah*, 2020 ND 38, ¶ 9, 938 N.W.2d 912. For that reason, we generally will not consider whether a court committed obvious error if the issue is not briefed. *See State v. Hansford*,

5

2019 ND 52, ¶ 29, 923 N.W.2d 113 ("We only decide issues that have been thoroughly briefed and argued."); *see also State v. Pederson*, 2024 ND 79, ¶ 18, 6 N.W.3d 619 (declining to consider whether the district court committed obvious error when appellant did not argue the district court committed obvious error); *State v. Thomas*, 2022 ND 126, ¶ 19, 975 N.W.2d 562 (not addressing obvious error because appellant did not argue it); *State v. Samaniego*, 2022 ND 38, ¶ 16, 970 N.W.2d 222 (declining "to engage in an unassisted search of the record for obvious error" when it was not argued by appellant); *Sah*, at ¶ 9 (declining to address obvious error when appellant did not argue it).

[¶21] Roller also does not argue these sentencing issues should be addressed on appeal, despite not being raised below, because "an objection is unnecessary to preserve a claim of illegal sentence imposed in a criminal judgment." *State v. Thomas*, 2020 ND 30, ¶ 16, 938 N.W.2d 897. This Court will review an illegal sentence claim even when the defendant did not raise the argument below by objecting at sentencing or through a motion under N.D.R.Crim.P. 35(a). *State v. McGinnis*, 2022 ND 46, ¶ 10, 971 N.W.2d 380. However, our holding in *Thomas* is limited to "the issue of an illegal sentence, meaning one that could not lawfully be imposed in that case under any circumstances." *State v. Evanson*, 2021 ND 4, ¶ 7, 953 N.W.2d 607; *see also State v. Eggleston*, 2020 ND 68, ¶ 13, 940 N.W.2d 645 ("A sentence is illegal if it exceeds a statutory provision or in some other way is contrary to an applicable statute."). There is a significant distinction "between claims of error regarding a sentence 'imposed in a procedurally or factually flawed manner,' which can be waived, from an unauthorized sentence that 'could not lawfully be imposed under any circumstance in the particular case.'" *Thomas*, 2020 ND 30, ¶ 16 (quoting *People v. Valtakis*, 130 Cal.Rptr.2d 133 (2003)). Roller's brief fails to address whether this Court should consider these issues under *Thomas*, much less the distinction between alleged procedural sentencing errors and an illegal sentence.

[¶22] Roller's first issue, that the district court improperly took judicial notice of Roller's prior criminal convictions under N.D.R.Ev. 201, is procedural. Moreover, his argument ignores N.D.R.Ev. 1101(d)(3)(D).

6

[¶23] Rule 1101(d)(3)(D), N.D.R.Ev., provides the rules of evidence do not apply to "sentencing." Over four decades ago, addressing the dangerous offender statute, this Court explained, "The rules of evidence, except those relating to privileges, do not apply to sentencing procedures. Rule 1101(d)(3), N.D.R.Ev." *State v. Wells*, 265 N.W.2d 239, 243 (N.D. 1978). After discussing the procedural requirements for finding a defendant a dangerous special offender, we explained, "the whole process of being found to be, and sentenced as, a dangerous special offender is a discretionary part of the procedure of sentencing a defendant upon conviction of a substantive charge[.]" *Id.* Since *Wells*, the procedures for finding a defendant a dangerous special offender has changed. *See State v. Carpenter*, 2011 ND 20, ¶ 19, 793 N.W.2d 765 (discussing different procedures to find a defendant a habitual offender and a special dangerous offender). Although a jury generally determines whether an offender is a special dangerous offender, "the trial court's role in determining the habitual offender status and sentence enhancement is the same as in *Wells*." *Id.* at ¶ 22; *compare* N.D.C.C. § 12.1-32-09(4)(a) *with* (b). When the State seeks to have the defendant declared a habitual offender, the district court determines whether "the defendant's criminal history is sufficient to deem the defendant a habitual offender." *Id.* at ¶ 19. Thus, determining whether an offender is a habitual offender is part of the sentencing process, meaning the rules of evidence, except those relating to privileges, do not apply to the court's determination of whether an offender is a habitual offender. *See State v. Lyon*, 2019 ND 21, ¶ 9, 921 N.W.2d 441 ("The habitual offender hearing may be combined with the sentencing hearing."). Therefore, not only did Roller not object to the district court taking judicial notice of his prior convictions, but N.D.R.Ev. 201 did not apply to the sentencing proceedings.

[¶24] Citing *State v. Breiner*, 2015 ND 176, 865 N.W.2d 446, and *State v. Orr*, 375 N.W.2d 171 (N.D. 1985), Roller argues his sentence is illegal because the State did not meet its burden to show his prior felony convictions were with counsel or that counsel was waived. Although the court records show Roller was represented by counsel in his prior convictions, citing *State v. Mann*, 2016 ND 53, 876 N.W.2d 710, *cert. granted, judgment vacated*, 580 U.S. 801 (2016), Roller argues

the district court could not consider the court records to establish his prior convictions.

[¶25] In *Mann*, this Court considered whether N.D.C.C. § 39-08-01(3) authorized a court to take judicial notice of a defendant's prior convictions to establish an "essential element" of the charged offense. 2016 ND 53, ¶ 8. In doing so, we noted the distinction between prior offenses that are essential elements of the charged offense and prior offenses that enhance the sentence. For a prior offense to constitute an essential element of the charged offense, we explained, the prior offense must elevate the charged offense, as opposed to enhancing the sentence for the charged offense. *Id*. at ¶ 9. We wrote, "A prior offense does not constitute an essential element if it only enhances the sentence of a given crime." *Id.* After noting that distinction, we held proof of the prior offenses was required because the prior convictions constituted an essential element of the charged offense. *Id*. We also held the court may not take judicial notice of a matter of proof; "the question of whether the State satisfied its burden of persuasion remains solely within the jury's province[.]" *Id*. at ¶ 12.

[¶26] *Mann* is not applicable to this case. Section 12.1-32-09(1)(c), N.D.C.C., does not create a new crime. Rather, it provides for a sentence enhancement or extended sentence for the offense of which the defendant was convicted. *Lyon*, 2019 ND 21, ¶ 8 ("Section 12.1-32-09(1), N.D.C.C., allows the district court to extend an offender's sentence if the court finds the offender is a habitual offender[.]"); *State v. Booth*, 2015 ND 59, ¶ 5, 861 N.W.2d 160 (stating a court may sentence a convicted offender "to an extended sentence as a habitual offender" under section 12.1-32-09(1)(c)); *Carpenter*, 2011 ND 20, ¶¶ 17, 21, 23 (referring to the "habitual offender sentence enhancement"). The district court did not consider Roller's prior convictions to establish an element of the charged offense. Rather, the court considered Roller's prior convictions to determine whether the sentence could be enhanced under N.D.C.C. § 12.1-32-09(1)(c). It was the role of the jury to determine what crimes, if any, Roller committed; it was in the discretion of the district court to impose punishment, "within the statutorily prescribed limits for the particular offense." *State v. Clinkscales*, 536 N.W.2d 661, 666 (N.D. 1995). The district court did not invade the jury's province by

considering Roller's prior convictions for sentencing. The court's sentence was also within the statutorily prescribed limits.

[¶27] The district court did not err when it considered Roller's prior convictions to determine his habitual offender status. We hold the district court did not impose an illegal sentence and did not commit procedural error.

IV

[¶28] We affirm the judgment.

[¶29] Jon J. Jensen, C.J.
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte
     Douglas A. Bahr