# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 126

State of North Dakota,                                    Plaintiff and Appellee

     v.

Ephrium Thomas,                                    Defendant and Appellant

### No. 20210339

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Dennis H. Ingold, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee; submitted on brief.

Scott O. Diamond, Fargo, ND, for defendant and appellant; submitted on brief.

# State v. Thomas
## No. 20210339

**VandeWalle, Justice.**

[¶1]  Ephrium Thomas appealed from a criminal judgment entered after a jury found him guilty of robbery and terrorizing a child victim. Thomas argues the district court erred in admitting evidence of a statement made by him to law enforcement. We conclude the court did not err in admitting evidence of the statement. We affirm the criminal judgment.

I

[¶2]  In February 2021, Ephrium Thomas was charged with robbery and terrorizing a child victim.

[¶3]  The victim, John Doe, testified at trial to the following: that he was in possession of an eight ball of cocaine the night he was hanging out with Thomas and that Thomas knew he was in possession of cocaine; that an eight ball of cocaine is approximately 3.5 grams and worth about $350; that while he was driving, Thomas wrapped a rope around his neck, punched him, gouged his eyes, demanded the cocaine, and threatened to kill him and his family; and that Doe gave Thomas the cocaine in response to the attack. At trial, Doe identified Thomas as the person who inflicted his injuries.

[¶4]  A Bismarck detective testified that he conducted a recorded interview with Thomas three months after the incident. The following exchange occurred during the interview:

> Thomas: You talking about cocaine then, obviously, someone got took for cocaine.
> Detective: Right.
> Thomas: I mean . . .
> Detective: So . . .
> Thomas: Nobody's out here moving enough for me to even consider taking it. I mean, I would risk getting a charge if it was like a key or more.

The detective testified that the word "key" is a term used to describe a kilogram which is the equivalent of 2.2 pounds.

[¶5] Prior to trial, the district court considered the statement made by Thomas during the interview. Thomas objected to the admission of the statement on the ground that the statement was highly prejudicial, the prejudice outweighed its probative value, and the statement would confuse the jury. When the court viewed the video outside the presence of the jury, Thomas raised again his objections that the statement was more prejudicial than probative. When the video was offered into evidence, Thomas objected stating "I would just again raise the same objections that I've already raised." The court admitted the statement into evidence.

[¶6] The jury found Thomas guilty of robbery and terrorizing a child victim. Following trial, the district court sentenced Thomas to a term of imprisonment and entered judgment.

II

[¶7] Thomas argues the district court erred in admitting evidence of the statement that he would risk a charge for a kilogram of cocaine.

[¶8] This Court reviews a district court's evidentiary ruling for abuse of discretion. *State v. Procive*, 2009 ND 151, ¶ 8, 771 N.W.2d 259. A court abuses its discretion when it acts arbitrarily, capriciously, or unreasonably, or if it misinterprets or misapplies the law. *Id.*

A

[¶9] Thomas argues the evidence of the statement should have been excluded because it had no probative value and was not relevant.

[¶10] A district court has broad discretion in admitting or excluding evidence at trial. *Flynn v. Hurley Enterprises, Inc.*, 2015 ND 58, ¶ 5, 860 N.W.2d 450. Generally, relevant evidence is admissible and irrelevant evidence is not admissible. N.D.R.Ev. 402. "Evidence is relevant if: (a) it has any tendency to

make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." N.D.R.Ev. 401.

[¶11] Here, the district court found the statement to be relevant. In determining the relevance, the court found:

> If in fact there were an interview taking place some days later, it is in the course of an interview, so it would be relevant. It is of this defendant, that would be relevant, it is posing questions regarding a specific event, that would be relevant. So if one's going to balance based on what I know right now of the 403 or 404 argument, I see the relevance in the suggestion.

> .   .   .

> [T]here is no doubt as presented by the State, that this is an interview between an investigating officer and the defendant; so clearly it has relevance. It relates to the subject matter that obviously this case takes on, that is possession of cocaine or the cocaine usage and the robbery that relates to apparently some aspects of cocaine; so the relevance is there.

[¶12] The State argued the statement made by Thomas that he would commit a robbery to obtain cocaine made the fact that Thomas robbed the victim of cocaine more probable than without the statement. The district court agreed and concluded that the statement "relates to the subject matter that obviously this case takes on, that is possession of cocaine or the cocaine usage and the robbery that relates to apparently some aspects of cocaine; so the relevance is there." The district court has broad discretion in ruling on the relevancy of evidence. The court here did not abuse its discretion in admitting evidence of the statement because it was relevant to the crime charged.

B

[¶13] Thomas contends the district court erred in admitting evidence of the statement because the evidence should have been excluded under N.D.R.Ev. 403. Thomas asserts that the statement should have been excluded because it was highly prejudicial and confused the jury.

[¶14] All relevant evidence is generally admissible, but relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. N.D.R.Ev. 403. "In determining whether to exclude evidence under Rule 403, courts should 'give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value.'" *State v. Randall*, 2002 ND 16, ¶ 15, 639 N.W.2d 439 (quoting *State v. Zimmerman*, 524 N.W.2d 111, 115 (N.D. 1994)). Rule 403 applies to unfairly prejudicial evidence, not simply evidence that is prejudicial. *Zimmerman*, 524 N.W.2d at 116.

[¶15] In ruling on whether to exclude the evidence of the statement under Rule 403, the district court stated:

> I believe that any prejudice that could be suggestive—frankly, in a criminal case, virtually anything the State is putting in in the context of a civil case, is prejudicial because it—obviously, they're trying to prove the elements of an offense. But an interview of a defendant who is the subject of the case itself in context to a serious of events were alleged to constitute to crime of Robbery and/or Terrorizing, those would be relevant. And I think that would, at this stage, outweigh the prejudice that would flow therefrom. I think any prejudice that is deemed in context can be resolved by way of cross-examination placing in perspective when statements were made.
>
> .   .   .
>
> That is not simply prejudice that flows from the fact that you're accused of a crime, it's whether or not it's admissible evidence that is—the relevance is outweighed. And right now the relevance outweighs the prejudicial impact.

The court gave the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value. The court did not find the evidence to be unfairly prejudicial and any confusion could be resolved by cross-

examination. The district court did not err in not excluding the evidence of the statement under N.D.R.Ev. 403.

C

[¶16] On appeal, Thomas also argues the evidence of the statement should have been excluded under N.D.R.Ev. 404 because it was impermissible character evidence. The State asserts Thomas failed to preserve this issue on appeal because he did not object to the evidence under N.D.R.Ev. 404.

[¶17] A party objecting to the introduction of evidence must state the specific ground of objection, if the specific ground is not apparent from the context. N.D.R.Ev. 103(a)(1)(B). "A party must make a specific objection to evidence at the time it is offered for admission into evidence to give the opposing party an opportunity to argue the objection and attempt to cure the defective foundation, and to give the trial court an opportunity to fully understand the objection and appropriately rule on it." *May v. Sprynczynatyk*, 2005 ND 76, ¶ 26, 695 N.W.2d 196. An objection indicating the specific evidence rules by number supporting the grounds for the objection is sufficient to satisfy N.D.R.Ev. 103(a)(1)(B). *State v. Van Halsey*, 2022 ND 31, ¶ 12, 970 N.W.2d 227.

[¶18] Here, Thomas did not object to the admission of the statement under N.D.R.Ev. 404. When the district court considered the statement prior to trial, Thomas objected on the ground that the statement was highly prejudicial, the prejudice outweighed its probative value, and the statement would confuse the jury. When the court viewed the video outside the presence of the jury, Thomas again raised his objections that the statement was more prejudicial than probative. When the video was offered into evidence, Thomas objected stating, "I would just again raise the same objections that I've already raised."

[¶19] Although Thomas failed to properly preserve the issue, this Court may review the issue as obvious error. *State v. Sah*, 2020 ND 38, ¶ 9, 938 N.W.2d 912. To establish obvious error, the defendant has the burden to show that error is plain or obvious and the error affected his substantial rights. *State v. Edwards*, 2020 ND 200, ¶ 10, 948 N.W.2d 832. "When an appellant does not

argue that a forfeited error is reversible under the obvious error standard, it is difficult for an appellate court to conclude this burden has been satisfied." *State v. Thomas*, 2020 ND 30, ¶ 14, 938 N.W.2d 897 (citing *State v. Whitman*, 2013 ND 183, ¶ 10, 838 N.W.2d 401).

[¶20] On appeal, Thomas does not argue obvious error and we will not address it further.

### III

[¶21] We affirm the criminal judgment.

[¶22] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte