# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2025 ND 3

State of North Dakota,                                           Plaintiff and Appellee

    v.

Jason Thompson,                                          Defendant and Appellant

### No. 20240117

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Bonnie L. Storbakken, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Joshua D. Breeze, Assistant State's Attorney, Mandan, ND, for plaintiff and appellee.

James R. Loraas, Bismarck, ND, for defendant and appellant.

**State v. Thompson**
No. 20240117

**McEvers, Justice.**

[¶1]   Jason Thompson appeals from a criminal judgment entered after a jury found him guilty of two counts of terrorizing, one count of criminal trespass, and one count of disorderly conduct. Thompson argues the district court erred in admitting video evidence, limiting his opportunity to cross examine the victims, and the evidence was insufficient to support the convictions. We affirm.

I

[¶2]   On November 17, 2023, Thompson was charged with two counts of terrorizing, one count of criminal trespass, second or subsequent offense, and one count of disorderly conduct stemming from his presence and behavior at two bars in Mandan.

[¶3]   A one-day jury trial was held on April 9, 2024. The morning of trial and prior to jury selection, the State indicated its intent to use snippets of an officer's body camera footage as evidence at trial to show what "Mr. Thompson's intent was at the time of the offense." Thompson objected to the use of the evidence, arguing the video snippets depict what happened "after the alleged event," further arguing the evidence was irrelevant under N.D.R.Ev. 401, prejudicial under Rule 403, a violation of Rule 404's character evidence prohibition, and hearsay. The district court reviewed the snippets and overruled Thompson's objection indicating the video snippets were relevant and were not unfairly prejudicial. During trial, the State offered the video snippets into evidence, and Thompson renewed his objection. The court overruled the objection and admitted the video evidence. The jury found Thompson guilty of all four counts. Thompson timely appealed.

II

[¶4]    Thompson argues the district court erred in admitting the video evidence under N.D.R.Ev. 403 because the evidence was prejudicial and likely to confuse the jurors. Thompson further argues that the body camera footage gave the "false

1

impression" that he could be found guilty for prior alleged acts of entering Michael Thompson's bar, the Old Town Tavern, when the video recording shows him outside Vicky's Sports Bar, a block away from the Old Town Tavern. He argues these other acts are evidence of proclivity that should have been excluded under N.D.R.Ev. 404.

[¶5] We review a district court's evidentiary ruling under an abuse of discretion standard. *State v. Villazana*, 2024 ND 211, ¶ 9, 14 N.W.3d 76. "A trial court abuses its discretion in evidentiary rulings when it acts arbitrarily, capriciously, or unreasonably or if it misinterprets or misapplies the law." *Id.* "The Court applies this deferential standard of review 'to provide the trial courts with greater control in the admissibility of evidence.'" *Id.* (quoting *State v. Alvarado*, 2008 ND 203, ¶ 9, 757 N.W.2d 570).

[¶6] Prior to trial, the State declared that it intended to offer portions of an officer's body camera footage as evidence during trial to show Thompson's intent. Thompson and the district court had the following discussion:

> THE COURT: . . . Mr. Loraas, are you objecting to the entire video?
> MR. LORAAS: Yes, Your Honor. Again, the videos are after the alleged event. There's no charge that is -- arises from the conduct --
> THE COURT: Okay.
> MR. LORAAS: -- after the police arrived. So we argue it's irrelevant under 401. It's also prejudicial under 403. Also under 404. Much of the material deals with allegations of prior trespass cases and any mention of that, of course, would be a violation of 404, character evidence prohibition.
> So we would object, Your Honor, and we think that it's also unduly -- it's unduly burdensome or it's, as far as the -- it takes up the Court's time so that's another concern we have.
> . . . .
> MR. LORAAS: Well, the -- first of all, to emphasize, again, under 403, my client's temperament was affected by what had happened. And I'm concerned that his temper, his angry temper at the time will be used to unduly influence the jury. So that's a paramount concern here.

2

. . . [W]e would ask the Court to balance the unduly prejudicial effect of it and exclude it. Exclude all of the videos they're trying to get in.

. . . .

THE COURT: And, Mr. Loraas, you have reviewed the sections [of the videos] that Mr. Breeze intends on utilizing?

MR. LORAAS: Yes, Your Honor, I have. I've reviewed the videos. These snippets, I would appreciate it if he'd play -- showed them to me on the side. But our objection stands. They are highly prejudicial --

THE COURT: Okay.

MR. LORAAS: -- the videos that I've looked at, all of them.

. . . .

THE COURT: . . . And, Mr. Loraas, your objection to both is as to prejudice?

MR. LORAAS: Yes, Your Honor.

THE COURT: And that was because of your client's anger?

MR. LORAAS: Well, the -- the anger and the profanity may be prejudicial, we expect --

THE COURT: Okay.

MR. LORAAS: -- to the jury.

THE COURT: All right. And your other objection?

MR. LORAAS: That it's -- there's a mention of the -- that he has been trespassed, but there's no proof of that. It's -- and so it's basically a hearsay statement by the officer saying that to him. So we object on that grounds also.

. . . .

THE COURT: . . . All right. The Court's going to take it under advisement. When I come back in, we won't have the jury seated yet. We'll address this back on the record before we start. Okay.

. . . .

THE COURT: As for the video, the Court does not find it to be unfairly prejudicial. The anger, I understand, there is anger there and that's -- it's definitely noticeable but it's not unfairly prejudicial. I do find the content of the video to be relevant and it's not hearsay.

So your objections to the introduction of the video are overruled. Okay.

During trial, the video snippets were offered as evidence, Thompson renewed his objection, and the objection was overruled by the court.

3

## A

[¶7] Thompson argues the district court erred in admitting the video evidence because the evidence should have been excluded under N.D.R.Ev. 403 as being unfairly prejudicial. He argues the evidence was prejudicial because "the admission of the evidence tempted the jury to decide the case on an improper basis," and the court "acted unreasonably in failing to properly balance the probative value of that evidence against the danger of unfair prejudice to the defendant," and "acted unreasonably in failing to place on the record its reasons for admitting the evidence to show that it complied with . . . [Rule] 403."

[¶8] A district court may exclude otherwise relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice or confusing the issues. N.D.R.Ev. 403(a)-(b). A district court's power to exclude relevant evidence should be exercised sparingly. *State v. Bell*, 2002 ND 130, ¶ 14, 649 N.W.2d 243. District courts should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value" when determining whether to exclude evidence under Rule 403. *State v. Thomas*, 2022 ND 126, ¶ 14, 975 N.W.2d 562. Rule 403 applies to unfairly prejudicial evidence, not merely prejudicial evidence. *Id*. "[T]he burden is on the objecting party to show that relevant evidence should be excluded under Rule 403." *Bell*, at ¶ 14.

[¶9] Thompson argued to the district court that the video snippets were irrelevant and "highly prejudicial." Thompson has not challenged on appeal that the video evidence was relevant. When deciding whether to exclude the video evidence under Rule 403, the court considered Thompson's arguments, reviewed the two offered body camera snippets, and determined the evidence was relevant and not unfairly prejudicial. We conclude Thompson has failed to show how the introduction of the video evidence was unfairly prejudicial. Based on our review of the record, the video evidence was probative of Thompson's intent and its admission was not unfairly prejudicial. Therefore, we conclude the court did not abuse its discretion by admitting the body camera video evidence under Rule 403. *See Bell*, 2002 ND 130, ¶¶ 15-16 (concluding the district court did not abuse its discretion in admitting evidence because it was probative of the defendant's charged crime, adequate foundation for the officers' testimony about the

evidence was laid, the evidence was relevant, and the defendant was not unfairly prejudiced by the admission of the evidence).

B

[¶10] Turning to Thompson's arguments regarding Rule 404, we first consider whether his argument was preserved. When Thompson argued the video evidence's exclusion under Rule 404 to the district court, it was limited to an argument that a prior trespass was discussed in the video. He now argues that his acts or statements shown on video would be used against him for one of the terrorizing charges.

[¶11] "We have long held that issues not raised or considered in the district court cannot be raised for the first time on appeal." *State v. Powley*, 2020 ND 124, ¶ 5, 943 N.W.2d 766 (quoting *State v. Smith*, 2019 ND 239, ¶ 12, 934 N.W.2d 1). We may address newly raised issues, however, if the issue rises to the level of obvious error. *See State v. Dockter*, 2019 ND 203, ¶¶ 8-9, 932 N.W.2d 98. Thompson did not argue obvious error to this Court. The burden to show an obvious error is on the appellant, and when it is not argued, it is difficult for an appellate court to conclude the burden is satisfied. *State v. Thomas*, 2020 ND 30, ¶ 14, 938 N.W.2d 897; *see State v. Rourke*, 2017 ND 102, ¶ 8, 893 N.W.2d 176 ("We need not exercise our discretion to notice obvious error in an appeal when the defendant does not raise the issue of obvious error, because it is the defendant's burden to show an obvious error that effects a substantial right."); *State v. Sah*, 2020 ND 38, ¶ 9, 938 N.W.2d 912 (declining to address obvious error when appellant did not argue it); *see also State v. Hansford*, 2019 ND 52, ¶ 29, 923 N.W.2d 113 ("We only decide issues that have been thoroughly briefed and argued."). We decline to address Thompson's argument under Rule 404.

III

[¶12] Thompson argues the district court erred by foreclosing his opportunity to cross-examine the victims for bias, prejudice, and interest.

[¶13] "The right to cross-examine is absolute and the denial of the right as to material evidence is prejudicial error requiring a new trial." *State v. Bartkowski*,

290 N.W.2d 218, 219 (N.D. 1980) (cleaned up). "[T]he complete denial of cross-examination would be constitutional error of the first magnitude." *Id.* (cleaned up). However, the scope of cross-examination is within the district court's discretion, the propriety of which will not be disturbed on appeal absent an abuse of discretion. *State v. Ness*, 2009 ND 182, ¶ 21, 774 N.W.2d 254. Reasonable limits may be placed on a defendant's cross-examination, including the exclusion of irrelevant evidence. *Id.* at ¶ 20. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." N.D.R.Ev. 401(a)-(b). "Whether evidence is relevant or not depends upon whether it tends to prove or disprove a fact in issue." *Ness*, at ¶ 22. Irrelevant evidence is inadmissible. N.D.R.Ev. 402.

[¶14] Thompson argues Cherie Mastel and Michael Thompson were "biased in their concerns about the effect of Defendant Jason Thompson's presence on their business." Thompson references the following testimony from Mastel in support of his argument:

> Q. You expressed dissatisfaction to Officer Czapiewski because Mr. Jason Thompson came onto your property; correct?
> A. I'm sorry, I don't understand the question.
> Q. You expressed dissatisfaction because Mr. Jason Thompson came on your property, the property where you were working? When the officers arrived.
> A. That they came in that -- I was satisfied with the cops being there.
> Q. Yes, but you expressed dissatisfaction with Mr. Thompson being there, Mr. Jason Thompson; correct?
> A. No, I don't want him to be there. No.
> Q. So you expressed dissatisfaction; correct?
> A. Not to him.
> Q. No, but to the officer?
> A. Well, yes. I told them everything that had happened.
> Q. And that you were not happy that he was there; correct? That you were dissatisfied with him being there?
> MR. BREEZE: Your Honor, I think this has been asked and answered.
> THE COURT: It has been.

MR. BREEZE: Relevance as well.

THE COURT: It has been, Mr. Loraas; you need to move on, sir.

. . . .

Q. Mr. Thompson's hair was long on that day; correct?

A. Yes.

Q. And his beard was scraggly; correct?

MR. BREEZE: Your Honor, objection. Relevance.

THE COURT: I don't understand the relevance either, Mr. Loraas.

MR. LORAAS: Thank you. I can tie it up, Your Honor.

THE COURT: Okay.

BY MR. LORAAS:

Q. So you were annoyed by Mr. -- if I may, Your Honor. You were annoyed by mister --

MR. BREEZE: Your Honor, objection. Relevance. This goes to prior questioning that's already been asked as well.

THE COURT: Yeah. Mr. Loraas, that's not relevant.

MR. LORAAS: Well, Your Honor --

THE COURT: The length of his hair has nothing to do with --

MR. LORAAS: -- I would argue that -- I was about to establish that she was annoyed by his presence. And I would argue that this goes to her bias or prejudice in the manner in which she's testifying. So I believe I have a right to inquire about this on cross.

THE COURT: Mr. Loraas, objection is sustained.

BY MR. LORAAS:

Q. Do you recall expressing dissatisfaction?

MR. BREEZE: Your Honor, objection.

MR. LORAAS: What? We can't ask questions?

THE COURT: Mr. Loraas, you have asked that question three times, and she's answered it to the best of her ability. You need to move on. Objection is sustained.

MR. LORAAS: Thank you, Your Honor.

BY MR. LORAAS:

Q. At the time that you spoke to law enforcement, were you concerned about the effect of Mr. Jason Thompson's presence on your business?

A. He's not allowed to be in our business.

Q. Okay. So were you concerned of the effect of his presence there on your business?

A.    Yes.

[¶15] Thompson references the following testimony from Michael Thompson in support of his argument that he was foreclosed from asking Michael Thompson about his alleged bias, prejudice, and interest:

> Q.    You recall telling Lieutenant Czapiewski that you were dissatisfied because he kept coming onto your property?
> MR. BREEZE: Objection, Your Honor. Relevance.
> THE COURT: Sustained. I don't find that relevant.
> BY MR. LORAAS:
> Q.    Mr. Thompson's presence angers you; correct?
> MR. BREEZE: Objection, Your Honor. Relevance.
> THE COURT: Mr. Loraas, do you want to respond to the objection?
> MR. LORAAS: I'm asking if his presence at his bar made him angry. If that was his mental state when dealing with Mr. Thompson there.
> THE COURT: That's irrelevant. Sustained.

[¶16] The district court did not abuse its discretion in limiting Thompson's cross-examination of the victims. Thompson argues he was foreclosed from showing how the victims' concerns about his presence at each of their respective bars caused their testimony to be biased. However, Thompson was able to accomplish his goal when cross-examining Mastel when she responded "yes" after being asked if she was "concerned of the effect of [Thompson's] presence there on [her] business[.]" Mastel's answer to Thompson's query allowed the jury to draw the rational inference that her testimony may be biased. The court did not completely deny Thompson's opportunity to cross-examine Mastel; rather, the court merely limited the scope after Thompson asked numerous questions attempting to convey the same message, which the witness had already answered to the best of her ability. Arguably, Thompson was able to elicit the exact testimony he wanted—that Mastel did not want Thompson at Vicky's Sports Bar. Questions regarding Thompson's appearance did not implicate facts of consequence in determining the action and were therefore irrelevant. We conclude the court did not abuse its discretion by limiting Thompson's cross-examinations.

## IV

[¶17] Thompson argues insufficient evidence exists supporting the verdicts. After reviewing the record, we conclude substantial evidence supports the verdict. We summarily affirm under N.D.R.App.P. 35.1(a)(3).

## V

[¶18] We do not address other issues raised, because they are either inadequately briefed, unnecessary to the decision, or are without merit. The criminal judgment is affirmed.

[¶19]  Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr