# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 103

State of North Dakota,                                                    Plaintiff and Appellee

v.

Jason Allen Leingang,                                                    Defendant and Appellant

### No. 20240243

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bobbi B. Weiler, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Justin J. Schwarz, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1]  Jason Allen Leingang appeals from a criminal judgment of theft of property, a class A felony, in violation of N.D.C.C. § 12.1-23-02(1). He argues the district court erred in admitting two video clips from a surveillance video and testimony about the entire surveillance video. We affirm.

I

[¶2]  In October 2023, a truck was stolen from a shop in Burleigh County. Images of an individual were captured on the shop's surveillance video and minutes later, the truck was driven away without permission. The truck was found engulfed in flames with a rag in the fuel port the following morning. Leingang was observed shortly after the discovery of the truck wearing clothing identical to the individual in the surveillance video.

[¶3]  The shop's video system automatically deletes recordings after 30 days and the original surveillance video was neither received by law enforcement nor preserved by the shop owner. The only preserved footage consisted of two brief video clips—one showing an individual walking through the parking lot, and another showing the truck leaving.

[¶4]  Leingang was charged with theft over $50,000, a class A felony, in violation of N.D.C.C. § 12.1-23-02(1). In December 2023, a contested preliminary hearing was held during which an officer of the Bismarck Police Department testified about the original surveillance video. He recalled that the video showed Leingang walk towards the truck, the headlights of the truck turn on, and the truck then drove away.

[¶5]  In February 2024, Leingang filed a motion in limine to suppress testimony related to the shop's surveillance video without challenging the authenticity of the video clips. The district court denied the motion. The jury trial began in May 2024 during which Leingang again objected to the admission of testimony about the surveillance video, without challenging the authenticity of the video clips.

The objection was overruled, and the two brief video clips from the surveillance video were entered into evidence and viewed by the jury.

[¶6] The jury found Leingang guilty of theft of property, a class A felony, in violation of N.D.C.C. § 12.1-23-02(1). Leingang asserts in this appeal that the district court erred in admitting the two video clips and allowing testimony regarding the entire video.

## II

[¶7] Our standard of review for a district court's evidentiary ruling is well established:

> We review a district court's evidentiary ruling under an abuse of discretion standard. A trial court abuses its discretion in evidentiary rulings when it acts arbitrarily, capriciously, or unreasonably or if it misinterprets or misapplies the law. The Court applies this deferential standard of review to provide the trial courts with greater control in the admissibility of evidence.

*State v. Thompson*, 2025 ND 3, ¶ 5, 16 N.W.3d 204 (cleaned up).

## III

[¶8] Leingang argues the district court erred in admitting two video clips from the surveillance video.

[¶9] Leingang failed to make an objection, providing a response of "no objection" when the two video clips were introduced at trial. "[I]ssues not raised at trial will not be addressed on appeal unless the alleged error rises to the level of obvious error under N.D.R.Crim.P. 52(b)." *State v. Pemberton*, 2019 ND 157, ¶ 8, 930 N.W.2d 125 (quoting *State v. Lott*, 2019 ND 18, ¶ 8, 921 N.W.2d 428). This Court's obvious error standard is well established:

> To establish obvious error, the defendant has the burden to demonstrate plain error which affected his substantial rights. To constitute obvious error, the error must be a clear deviation from an applicable legal rule under current law. There is no obvious error when an applicable rule of law is not clearly established.

*Id*. (quoting *Lott*, ¶ 8). However, if a party fails to argue obvious error, it is difficult for this Court to conclude this burden has been satisfied and this Court need not address it further. *State v. Thomas*, 2022 ND 126, ¶¶ 19-20, 975 N.W.2d 562.

[¶10] Leingang failed to preserve the issue for review by this Court. He has not argued the admission of the video clips was obvious error and we decline to further address this issue.

IV

[¶11] Leingang argues the district court erred in admitting testimony about the entire surveillance video because it violates Rule 1002 of the North Dakota Rules of Evidence.

[¶12] Rule 1002 generally prohibits the testimony regarding the content of the video. However, Rule 1004(a) as it relates to admissibility of "other evidence" of the video provides exceptions to Rule 1002. *See* N.D.R.Ev. 1004(a) ("An original is not required, and other evidence of the content of a writing, recording, or photograph is admissible if: (a) all the originals are lost or destroyed, and not by the proponent acting in bad faith[.]").

[¶13] The district court, in admitting the testimony regarding what had been viewed in the video, found that "Mr. Leingang does not allege any discovery violation on behalf of the State, a *Brady v. Maryland* violation, or allege any bad faith on the part of the State." The court also found, "[t]he full-length video was lost when Mr. Schauer was attempting to send it to law enforcement through an email link and an additional copy of the video was unable to be obtained because the video surveillance system had overwritten or deleted the video." Although the court did not expressly state the findings with regard to determining an exception to Rule 1002, the court's reasoning is consistent with, and satisfies, the requirements of N.D.R.Ev. 1004(a). We conclude the court did not abuse its discretion in admitting testimony about the entire surveillance video.

## V

[¶14] Leingang failed to preserve a challenge to the admission of the two video clips and has not argued obvious error on appeal. The district court properly admitted the testimony regarding the entire surveillance video. We affirm the criminal judgment.

[¶15]    Jon J. Jensen, C.J.
         Daniel J. Crothers
         Lisa Fair McEvers
         Jerod E. Tufte
         Douglas A. Bahr